**Harry F. TOMPKINS, Appellant,**

v.

**SOUTHERN LLOYDS INS. CO., Appellee.**

**No. 4728.**

Court of Civil Appeals of Texas, Eastland.

Nov. 1, 1974.

Rehearing Denied Nov. 22, 1974.

Rich'ard Don Coan, Coan & Allen, Stephenville, for appellant.

Edward E. Crowell, Jr., Gardere, Porter & DeHay, Dallas, for appellee.

McCLOUD, Chief Justice.

This is a suit on an insurance policy brought by plaintiff, Harry F. Tompkins, against defendant, Southern Lloyds Insurance Company, for damages incurred when plaintiff's home and household goods were damaged by fire. Plaintiff alleged that his total damages were $19,670.93, and that defendant had paid him only $13,130.89, leaving a balance of $6,540.04, owed by defendant under the policy. Defendant answered it had paid plaintiff $13,130.89, and owed plaintiff, based on a supplemental claim, an additional $1,423.00, which sum plaintiff had refused to accept. The jury found in answer to Special Issue No. 1 it would reasonably cost $6,505.09, in addition to the $13,130.89, already paid by defendant, to repair and replace the damage caused by the fire with material of like kind and quality within a reasonable time after the loss. The trial court granted defendant's motion for judgment notwithstanding the verdict and entered judgment for plaintiff for $1,423.00. Plaintiff, Harry F. Tompkins, has appealed. We reverse and render.

In its motion for judgment notwithstanding the verdict defendant contended that plaintiff was entitled to only $1,423.00 because plaintiff had executed a proof of loss showing his loss to be $13,130.89, which sum had been paid by the company, and further plaintiff had executed a "Statement as to Full Cost of Repair or Replacement" showing a supplemental claim of only $1,423.00. The company also contended there was no evidence to support any award greater than $1,423.00.

The record reflects the fire occurred on December 31, 1969. On January 14, 1970, before any repairs had been made, plaintiff signed, after conferring with the adjuster, a proof of loss form stating his loss to be $13,130.89. At that time he also signed a form entitled "STATEMENT AS TO FULL COST OF REPAIR OR REPLACEMENT UNDER THE REPLACEMENT COST COVERAGE SUBJECT TO THE TERMS AND CONDITIONS OF THIS POLICY" wherein he acknowledged that his supplemental claim would not exceed $1,423.00.

The insurance company argues that by signing the proof of loss form and the statement as to full cost of repairs or replacement form, and thereafter, cashing the draft for $13;130.89, plaintiff settled all claims under the policy for an amount not to exceed that shown on his proof of loss and supplemental claim form. We disagree.

Defendant's reliance upon Fidelity-Southern Fire Insurance Company v. Whitman, 422 S.W.2d 552 (Tex.Civ.App. —Houston (14th Dist.) 1968, writ ref'd

n. r. e.) is misplaced. There the insurance company alleged, and the evidence showed that the policy holder had executed a release of the claims in controversy as well as a proof of loss. The defendant in the instant case did not plead that plaintiff had executed a release of all further claims nor did it request any issues regarding payment of its obligations under the policy.

On the contrary, defendant admitted that it owed plaintiff an additional $1,423.00. It is generally held that a proof of loss is not evidence of the extent of loss. We do not think that plaintiff was precluded from showing that his damages were greater than shown in the proof of loss and supplemental claim form which he signed on January 14, 1970. Aetna Insurance Company v. Klein, 160 Tex. 61, 325 S.W.2d 376 (1959); Farmers Mutual Protective Ass'n of Texas v. Cmerek, 404 S.W.2d 599 (Tex.Civ.App.—Austin 1966, no writ).

We hold that the execution of the proof of loss and supplemental claim statement, and the cashing of the $13,130.89 draft, did not under the record before us, preclude plaintiff from seeking damages in excess of $1,423.00.

■ We also hold there was some evidence in support of the jury's answer to Special Issue No. 1. The damages sustained by plaintiff were carefully detailed by the testimony of plaintiff and William Simmons.

We hold that the court erred in granting defendant's motion for judgment notwithstanding the verdict.

■ By cross-point defendant contends the court erred in submitting Special Issue No. 1 because the court failed to follow the language contained in the policy. Specifically, defendant argues that the issue is framed in terms of the general property section of the policy[1] when it should track the language of the "Replacement Cost Coverage"[2] under the "Extensions of Coverage" section of the policy. Defendant points out that under this section of the policy the extra benefits covered are not payable unless the repairs or replacement are "identical" with the "building structure."

Plaintiff's suit was not limited by pleadings or evidence to his right of recovery under the "Extensions of Coverage" section of the policy. Special Issue No. 1 followed the language contained in the general "Property Section" of the policy and we think under this record was a proper submission.

The jury found in Special Issue No. 2 that plaintiff elected to claim his loss under the "Replacement Cost Coverage of his Policy" at the time he executed the proof of loss. The policy required the

---

1. "Section 1—Property Section: Subject to the provisions and conditions of the policy, and of this form and endorsements attached, the Company insures the Named Insured and legal representatives against loss (including expenses incurred in the removal of debris of property insured resulting from such loss) from any of the Perils Insured Against to the property hereinafter described. Unless otherwise provided, this insurance shall apply at the premises described on Page 1, and liability of the Company shall not exceed: the specified Limits of Liability; nor, the actual cash value of the property at the time of loss ascertained with proper deduction for depreciation; *nor the amount it would cost to repair or replace the property with material of like kind and quality,* with proper deduction for depreciation, within a rea-sonable time after the loss without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair; nor ᵒshall it exceed the interest of the insured." (emphasis ours)

2. "Such additional amount as may be claimed under this extension of coverage shall not become payable until actual repair or replacement of the damaged or destroyed building structure is completed, which repair or replacement *shall be identical with such building structure* and within 200 feet of the site of the building damaged or destroyed and intended for the same use and occupancy, within 180 days after the loss." (emphasis ours)

insured to elect[3] at the time proof of loss was made whether the claim included or excluded the replacement cost coverage contained in the "Extensions of Coverage" section of the policy. Plaintiff did not, by electing to include the extension of coverage, preclude recovery under the general "Property Section" of the policy.

Plaintiff's suit was based on the rights given him under the entire policy and defendant, under the record in this case, did not restrict plaintiff's additional recovery to the rights he had under the provisions of the "Replacement Cost Coverage" of the "Extensions of Coverage" section of the policy.

The judgment of the trial court is reversed and rendered for Plaintiff.

3. "The Insured shall elect in writing at the time Proof of Loss is made in accordance with the provisions of this policy whether claim is made under the policy for the loss disregarding this replacement cost coverage, or whether claim is made under the policy including this replacement cost coverage.

In accordance with the provisions of this form and of the policy at the time Proof of Loss is made, the Insured shall specify the amount claimed under the policy for the loss disregarding this replacement cost coverage and, if applicable, shall also specify the amount claimed under this extension of coverage.

The amount of loss, disregarding replacement cost coverage, for which the Company may be liable shall be payable as provided in the Basic Conditions of the policy."