In re REPUBLIC LLOYDS, Thomas Beno d/b/a Beno & Associates, Thomas Beno, and Doug Wallace, Relators.

No. 14–02–01208–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 8, 2003.

Timothy Ray Hightower, Houston, for relators.

Darrin Walker, Kingwood, John Steven Mostyn, Houston, for respondent.

Panel consists of Justices YATES, ANDERSON and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

In this original proceeding, relators Republic Lloyds, Thomas Beno d/b/a Beno & Associates, Thomas Beno, and Doug Wallace, seek a writ of mandamus ordering the trial court to vacate its order denying their Motion for Severance, or, alternatively Motion for Separate Trials, and Motion for Abatement. We deny the petition for writ of mandamus.

## I. FACTUAL AND PROCEDURAL HISTORY

In July of 2002, the real party in interest, James Fuller, along with Amanda

Gonzales, brought suit against relators. In their petition, Fuller and Gonzales alleged they submitted a claim to Republic Lloyds under their homeowners policy for damages to their residence caused by water leaks. Republic Lloyds assigned the claim to Thomas Beno & Associates, who, in turn, assigned the claim to Thomas Beno and Doug Wallace for adjustment. According to the petition, Republic Lloyds wrongfully denied the claim. Fuller and Gonzales specifically alleged claims against Republic Lloyds for breach of contract, violations of the Texas Insurance Code, violations of the DTPA, and breach of the duty of good faith and fair dealing. The allegations against Beno & Associates, Thomas Beno, and Doug Wallace were limited to violations of the Texas Insurance Code.

After filing an answer asserting a general denial, relators filed a Motion for Severance, or, alternatively Motion for Separate Trials, and Motion for Abatement. In that motion, relators argued that severance of the breach of contract claim from the extra-contractual claims is necessary and proper because: first, more than one cause of action was asserted, the breach of contract claim is the proper subject of an independent suit, and the breach of contract claim is not so intertwined with the extra-contractual claims as to involve the same identical facts and issue; second, severance is necessary to promote judicial economy and avoid unnecessary costs and delays; and third, severance is necessary to avoid the possibility of irreconcilable conflicts between the interests of the parties. Fuller and Gonzales filed a response to the motion in which they argued that severance is not proper or necessary because: (1) the breach of contract claim and the extra-contractual claims are not severable and should be tried together; (2) severance is properly denied when an insurance company has not offered to settle the entire claim; (3) most of the evidence produced in this litigation will be admissible on both the breach of contract and extra-contractual claims; (4) claims made under article 21.55 of the Texas Insurance Code cannot be severed; and (5) Republic Lloyds, Beno & Associates, Beno, and Wallace failed to carry the burden of proof to establish their entitlement to severance.

An oral hearing was held on November 8, 2002. At the hearing, relators argued that a settlement offer had been made on the entire breach of contract claim. In support of this argument, relators offered into evidence a Sworn Statement in Proof of Loss executed by Fuller and Gonzales and a check issued by relators for the full amount referenced on the sworn statement. In response, Fuller and Gonzales argued that the check covered only the undisputed plumbing leak claim, not the foundation damage claim, and thus, relators had not made an offer to settle the entire claim. On November 11, 2002, the trial court signed an order denying the motion for severance. Relators sought relief by filing this petition for writ of mandamus.

## II. RELATORS' ARGUMENTS

In this proceeding, relators argue the trial court abused its discretion in refusing to sever the breach of contract claim from the extra-contractual claims. Relators contend they are entitled to mandamus relief because when an insured asserts a claim for breach of contract and extra-contractual claims for unfair settlement practices and the insurer has offered to settle the disputed contract claim, the trial court abuses its discretion by refusing to sever. Relators point out that they issued a check to Fuller and Gonzales for the full amount of the breach of contract claim as shown by the Sworn Statement in Proof of Loss. Relators argue the unambiguous lan-

guage in the sworn statement establishes that the settlement offer covered the entire claim. Moreover, even if relators dispute that the foundation damage was covered by the policy, it would not prevent them from tendering a check in settlement of the entire claim, including the disputed portion.

## III. REAL PARTY IN INTEREST'S RESPONSE

In response to the arguments by relators, Fuller[1] contends severance is not required because relators did not offer to settle the entire breach of contract claim. In the absence of a settlement offer on the entire claim, Fuller argues, severance is not required. As to relators' argument that the sworn statement and the check prove an offer of settlement on the entire contract claim, Fuller claims these documents, at best, raise a fact issue. Because factual disputes are within the trial court's discretion, he argues, mandamus is inappropriate.

## IV. STANDARD OF REVIEW

■■■ Mandamus is an extraordinary remedy available only in limited circumstances. *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 753 (Tex.2001). A court should issue mandamus only to correct a clear abuse of discretion or the violation of a legal duty when there is no other adequate remedy at law. *Id.; In re Daisy Mfg. Co.,* 17 S.W.3d 654, 658 (Tex.2000). The courts of this state have recognized that appeal is inadequate to correct a trial court's erroneous refusal to grant a severance when an insurer proves it will be unduly prejudiced by such refusal. *See, e.g., Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 628 (Tex.1996); *State*

*Farm Mut. Automobile Ins. Co. v. Wilborn,* 835 S.W.2d 260, 261 (Tex.App.-Houston [14th Dist.] 1992, orig. proceeding). Thus, in this case, we need only determine whether the trial court clearly abused its discretion.

■■■ A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). When the trial court's decision rests on the resolution of factual issues or matters committed to the court's discretion, "[t]he relator must establish that the trial court could reasonably have reached only one decision." *In re Rangel,* 45 S.W.3d 783, 786 (Tex.App.-Waco 2001, orig. proceeding) (quoting *Walker,* 827 S.W.2d at 839–40). This burden is a heavy one. *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 305 (Tex.1994). If the trial court has held an evidentiary hearing and has resolved disputed issues of fact, we may not substitute our judgment on the facts for that of the trial court. *Dallas Morning News v. Fifth Court of Appeals,* 842 S.W.2d 655, 660 (Tex.1992); *Rangel,* 45 S.W.3d at 786 (citing *Walker,* 827 S.W.2d at 839). In other words, an appellate court may not deal with disputed matters of fact in an original mandamus proceeding. *Hooks v. Fourth Court of Appeals,* 808 S.W.2d 56, 60 (Tex. 1991); *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 714 (Tex.1990); *Shell Oil Co. v. Smith,* 814 S.W.2d 237, 241 (Tex.App.-Houston [14th Dist.] 1991, orig. proceeding).

■■■ On the other hand, our review of a trial court's determination of the legal principles controlling its ruling is much

---

1. While Amanda Gonzales was a party to the suit filed against relators, she is not listed as a real party in interest in this proceeding.

less deferential. *Walker,* 827 S.W.2d at 840. A trial court has no "discretion" in determining what the law is or applying the law to the facts. *Id.* Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in the issuance of an extraordinary writ. *Id.*

## V. APPLICABLE LAW

■ Insurance coverage claims and bad faith claims, by their nature, are independent. *Akin,* 927 S.W.2d at 629 (citing *Viles v. Security Nat'l Ins. Co.,* 788 S.W.2d 566, 567 (Tex.1990)). In most circumstances, however, an insured may not prevail on a bad faith or other extra-contractual claim without first proving the insurer breached the contract. *Akin,* 927 S.W.2d at 629 (citing *Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex.1995); *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 17 (Tex.1994)). Several courts of appeals, including this court, have held that when the insurer has made an offer to settle the contract claim, a severance of the tort and contract claims is required to avoid undue prejudice to the insurer in its defense of the coverage dispute. *See e.g., Mid–Century Ins. Co. v. Lerner,* 901 S.W.2d 749, 752–53 (Tex.App.-Houston [14th Dist.] 1995, orig. proceeding); *Northwestern Nat'l Lloyds Ins. Co. v. Caldwell,* 862 S.W.2d 44, 46–47 (Tex.App.-Houston [14th Dist.] 1993, orig. proceeding); *F.A. Richard & Assocs. v. Millard,* 856 S.W.2d 765, 767 (Tex.App.-Houston [1st Dist.] 1993, orig. proceeding); *State Farm Mut. Automobile Ins. Co. v. Wilborn,* 835 S.W.2d 260, 262 (Tex.App.-Houston [14th Dist.] 1992, orig. proceeding). The rationale of these cases is that, ordinarily, offers of settlement of a coverage dispute are inadmissible on the contract claim, but may nevertheless be admissible on the tort claims to rebut evidence of bad faith. *Akin,* 927 S.W.2d at 629. In *Akin,* the

supreme court specifically concurred with these decisions. 927 S.W.2d at 630.

■ Severance of claims under the Texas Rules of Civil Procedure rests within the sound discretion of the trial court. *Id.* at 629 (citing *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex.1990); *Hamilton v. Hamilton,* 154 Tex. 511, 280 S.W.2d 588, 591 (1955); Tex.R. Civ. P. 41). The supreme court has concluded that a trial court properly severs a claim when: (1) the controversy involves more than one cause of action; (2) the severed claim is one that could be asserted independently in a separate suit; and (3) the severed actions are not so interwoven with the other claims that they involve the same facts and issues. *Guaranty Fed.,* 793 S.W.2d at 658.

■ In *Akin,* the supreme court held that severance may be necessary in some bad faith cases. The court specifically noted that an insurer would be unfairly prejudiced if the breach of contract and extra-contractual claims were tried together when the insurer has made a settlement offer on the disputed contract claim. *Akin,* 927 S.W.2d at 630. Thus, pursuant to *Akin,* a severance is required when the insurer has made a settlement offer on the entire breach of contract claim. 927 S.W.2d at 630.

## VI. ANALYSIS

In this case, relators contend the trial court abused its discretion in denying their motion to sever because they made an offer to settle the entire breach of contract claim. In support of this contention, relators offered into evidence the Sworn Statement in Proof of Loss filed by Fuller and Gonzales and the check allegedly tendered for the full amount stated in the Proof of Loss. Fuller contends the offer to settle was not for the entire breach of contract

claim; rather, it was merely an offer to settle the undisputed portion of the coverage claim, i.e., the plumbing damage. As to the sworn statement and check, Fuller argues these documents merely raise a fact issue and, therefore, mandamus is inappropriate. Thus, to determine whether the trial court abused its discretion, we must determine the effect of the Sworn Statement in Proof of Loss.

 The purpose of a proof of loss is to advise the insurer of facts surrounding the loss for which a claim is being made, and to afford the insurer an adequate opportunity to investigate, to prevent fraud, and to form an intelligent estimate of its rights and liabilities. *Great Central Ins. Co. v. Cook,* 422 S.W.2d 801, 806 (Tex.Civ.App.-Dallas 1967, no writ); 13 Couch on Insurance § 186:22 (3d ed. 2003). Statements made in proofs of loss are not conclusive as to the claimant, provided they were made in good faith and without an intent or attempt to defraud the insurer. *Cook,* 422 S.W.2d at 806; 13 Couch on Insurance § 197:14 (3d ed. 2003); *see Supreme Lodge, K. of P. v. Beck,* 181 U.S. 49, 55, 21 S.Ct. 532, 534, 45 L.Ed. 741 (1901) (holding that statements in proof of loss are not conclusive; claimant could explain statements); *Stevens v. State Farm Fire and Cas. Co.,* 929 S.W.2d 665, 673 (Tex. App.-Texarkana 1996, no writ) (rejecting insurer's argument that proof of loss formed contract between insurer and insured and prevented insured from taking inconsistent position between "contract" and later assertions); *Tompkins v. Southern Lloyds Ins. Co.,* 515 S.W.2d 395, 396 (Tex.Civ.App.-Eastland 1974, writ ref'd n.r.e.) (holding that proof of loss is not evidence of extent of loss and insured is not precluded from showing his damages were greater than shown in proof of loss). It follows, therefore, that mere mistakes or bona fide errors in a proof of loss may be corrected unless the insurer has acted upon the proofs in such a way that to permit correction would be inequitable. *Cook,* 422 S.W.2d at 806; 13 Couch on Insurance § 197:14 (3d ed. 2003). Thus, because statements in the proof of loss are merely prima facie evidence and not conclusive, the statements may be shown to have been an honest mistake or may be otherwise contradicted or explained. 13 Couch on Insurance § 197:14 (3d ed. 2003).

Here, relators presented the Sworn Statement in Proof of Loss and the check as *conclusive* evidence that they had offered to settle the entire breach of contract claim. Fuller, on the other hand, argued that the statement and the check were merely for the undisputed portion of the breach of contract claim, i.e., the plumbing damage. According to Fuller, there was no offer on the disputed portion of the breach of contract claim, i.e., the foundation damage, and therefore, no offer to settle the entire dispute.

 Relators have the burden of showing that the trial court clearly abused its discretion. *Canadian Helicopters,* 876 S.W.2d at 305. At the evidentiary hearing, relators did not introduce any testimonial evidence, and they only introduced the proof of loss dated January 8, 2001 and a copy of a check dated August 15, 2000. There is no cover letter showing when or if this check was tendered to the real parties in interest. There is no evidence in the record showing that this check was tendered in response to the proof of claim, which is dated almost five months after the check was issued. Further, the check does not contain any release language or indicate that it is payment in full for the real party in interests' claim.

Given that a proof of loss is not conclusive as to the insured, and may be corrected or explained, as Fuller did here, and given the inconclusive nature of the proof

regarding relators' offer to settle, we cannot say that relators conclusively proved they offered to settle the *entire* claim as required by *Akin.* Furthermore, relators failed to establish any other compelling circumstances that would entitle them to a severance and abatement. *See Akin,* 927 S.W.2d at 630.

## VII. CONCLUSION

Accordingly, we hold the trial court did not clearly abuse its discretion in refusing to grant relators' Motion for Severance, or, alternatively Motion for Separate Trials, and Motion for Abatement. We order the stay imposed by our order of December 16, 2002, lifted, and deny the petition for writ of mandamus.

YATES, J., dissenting.

LESLIE BROCK YATES, Justice, dissenting.

I respectfully disagree with the majority's conclusion that severance was not required under the facts of this case. This court has held on numerous occasions that it is an abuse of discretion for a trial court to refuse to sever and abate extra-contractual claims from a breach of contract claim when the extra-contractual or bad faith claims are based on an inadequate settlement offer. *Mid–Century Ins. Co. of Texas v. Lerner,* 901 S.W.2d 749, 752 (Tex. App.-Houston [14th Dist.] 1995, orig. proceeding); *Northwestern Nat'l Lloyds Ins. Co. v. Caldwell,* 862 S.W.2d 44, 46–47 (Tex. App.-Houston [14th Dist.] 1993, orig. proceeding); *State Farm Mut. Automobile Ins. Co. v. Wilborn,* 835 S.W.2d 260, 262 (Tex.App.-Houston [14th Dist.] 1992, orig. proceeding). That is precisely the situation here. The majority's conclusion that *Akin* requires severance only when an offer to settle the *entire* breach of contract claim has been made misses the mark.

*Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627 (Tex.1996).

Relators sought to sever the contract claim from the bad faith, Insurance Code, and DTPA claims. If left joined, relators would be in the unenviable position of having to argue a contradiction to the jury. The contract claim would require relators to contend they had no obligation to pay out under the policy. At the same time, evidence of the offered pay out would be necessary to the bad faith claim. In a trial of these two matters together, the offer of settlement could be introduced in evidence by the court for the bad faith cause of action, but be highly prejudicial and not admissible in the contract case. Such a contradiction requires severance. This contradiction was not at issue in *Akin.* As the *Akin* court noted, the insurer paid the portion of the claim that it did not dispute. *Id.* at 630. Thus, evidence regarding payment of the uncontested portion of the claim would not unduly prejudice its defense.

This case meets the requirements for the granting of a motion for separate trials or severance. The causes of action represent separate and distinct claims, each of which could constitute a lawsuit within itself. Severance of the claims would avoid prejudice to the parties with regard to the use of the settlement offer in evidence. The *Akin* court explicitly recognized the potential for prejudice in having to defend a "contract claim at the same time and before the same jury that would consider evidence that the insurer had offered to settle the entire dispute." *Akin,* 927 S.W.2d at 630.

That prejudice cannot adequately be addressed by the possibility of a jury finding the Sworn Statement in Proof of Loss constituted only a partial settlement offer. At that stage, the damage would already have been done. The jury would be faced

with the question of "why would a company offer to settle a claim for which they are not obligated?" This questioning underlies the reasons why settlement offers are not admissible to prove liability for, or invalidity of, the claim or its amount. TEX.R. EVID. 408 (Vernon 2002). Offers to settle are excluded to encourage settlement and because "such evidence does not represent a party's actual position, but is an amount he is willing to give or take to avoid the expense or annoyance of litigation." *State Farm Mut. Automobile Ins. Co.*, 835 S.W.2d at 261. Relators must be free from the prejudice that evidence of a settlement inevitably plants in jurors' minds. The Texas Supreme Court specifically stated that a severance may be necessary in some bad faith cases. *Akin*, 927 S.W.2d at 630. "A trial court will undoubtedly confront instances in which evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely." *Id.* I believe that to be the case here.

For these reasons, I respectfully dissent.