In re ReliaStar et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-00185-CV

IN RE RELIASTAR LIFE INSURANCE COMPANY, INC.,
WASHINGTON SQUARE SECURITIES, INC.,
CHARLES C. McNATT, AND HAROLD GENE HUGGINS


 

 Original Proceeding
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      This mandamus involves a motion to compel arbitration under the Federal Arbitration Act
(FAA). 9 U.S.C.A. §§ 1-16 (West 1999 & Supp. 2004); see In re FirstMerit Bank, N.A., 52
S.W.3d 749, 754 (Tex. 2001) (orig. proceeding) (FAA includes all contracts "relating to"
interstate commerce).
      Relators sought to compel arbitration; the Real Parties in Interest resisted the motion on
grounds of fraud in the inducement and unconscionability. American Heritage Life Ins. Co. v.
Lang, 321 F.3d 533 (5th Cir. 2003) (fraud in the inducement); In re Halliburton Co., Inc., 80
S.W.3d 566, 572 (Tex. 2002) (orig. proceeding) (courts may consider both procedural and
substantive unconscionability of an arbitration clause in evaluating the validity of an arbitration
provision). After appropriate consideration, Respondent denied the motion. In re Conseco
Finance Servicing Corp., 19 S.W.3d 562, 567-68 (Tex. App.—Waco 2000, orig. proceeding)
(The court may decide the issue on the basis of affidavits, pleadings, discovery and
stipulations, unless the material facts are controverted. If the facts are controverted, by
opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary
hearing to determine those disputed facts before deciding if there is an enforceable agreement
to arbitrate between the parties.).
      Relators filed a motion to consolidate this proceeding with an interlocutory appeal arising
from the same order. See ReliaStar Life Ins. Co. v. Strickland, No. 10-03-00161-CV (Tex.
App.—Waco June 2, 2004, no pet. h.). Although we dismiss that appeal today for lack of
jurisdiction, we grant the motion to the extent that we permit the use of the record in the
appeal in this mandamus. The remainder of the motion to consolidate is dismissed as moot.
      "Mandamus is an extraordinary remedy available only in limited circumstances . . . ." In
re Chu, 2004 WL 360814 *1 (Tex. App.—Waco Feb. 25, 2004, orig. proceeding) (citing In re
Crow-Billingsley Air Park, Ltd., 98 S.W.3d 178, 179 (Tex. 2003) (orig. proceeding) (per
curiam)). The burden resting on the relator is a heavy one. See id.
      Although the Texas Supreme Court has repeatedly expressed a strong presumption
favoring arbitration, the presumption arises only after the party seeking to compel arbitration
proves that a valid arbitration agreement exists. J.M. Davidson, Inc. v. Webster, 128 S.W.3d
223, 227 (Tex. 2003). Arbitration agreements are interpreted under traditional contract
principles. Id. When deciding whether the parties agreed to arbitrate, "courts generally . . . 
should apply ordinary state-law principles that govern the formation of contracts." See id.
(quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920, 1924
131 L.Ed.2d 985 (1995)).
      We may not substitute our judgment on the facts for that of the trial court. In re Republic
Lloyds, 104 S.W.3d 354, 357 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding); In re
Rangel, 45 S.W.3d 783, 786 (Tex. App.—Waco 2001, orig. proceeding). In other words, an
appellate court may not deal with disputed matters of fact in an original mandamus proceeding. 
Republic Lloyds, 104 S.W.3d at 357 (citing Hooks v. Fourth Court of Appeals, 808 S.W.2d
56, 60 (Tex. 1991), and Brady v. Fourteenth Court of Appeals, 795 S.W.2d 712, 714 (Tex.
1990)).
      Respondent held an evidentiary hearing and has resolved disputed issues of fact. Relators
have failed to establish their right to relief. We deny their petition.


                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray dissenting)
Petition denied
Opinion delivered and filed June 9, 2004

[OT06]