Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed September 2, 2005









Petition for Writ of Mandamus Conditionally Granted
and Memorandum Opinion filed September 2, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00762-CV

____________

 

IN RE ALLSTATE TEXAS LLOYD=S, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

M E M O R A N D U M   O
P I N I O N

On July 29, 2005, relator filed a petition for
writ of mandamus in this court.  See Tex. Gov=t. Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  Relator complains of the trial court=s denial of a motion to sever.  Real parties have filed a response.  We conditionally grant relief.








This proceeding arises from a suit for damages filed by real
parties in interest, James and Song Suk Roberts, based on an alleged breach of
a homeowner=s insurance policy.  Real parties allege breach of contract as well
as extra-contractual claims of bad faith. 
After pretrial mediation, relator made a settlement offer to real
parties on all disputed breach of contract claims, but the offer was rejected.  Thereafter, relator filed a motion to sever
the extra-contractual claims from the breach of contract claims.  The trial judge signed an order on July 1,
2005, denying the motion for severance.[1]  Relator contends the trial judge abused her
discretion by failing to sever the extra-contractual claims from the breach of
contract claims.  

Mandamus is an extraordinary remedy, available only in
limited circumstances to correct a clear abuse of discretion or the violation
of a legal duty when no other adequate remedy at law is available.  In re FirstMerit Bank, N.A., 52 S.W.3d
749, 753 (Tex. 2001).   Rules 41 and
174(b) of the Texas Rules of Civil Procedure vest the trial court with broad
discretion to sever and order separate trials of causes of action.  The trial court's discretion is not
unlimited, however.  Womack v. Berry,
291 S.W.2d 677, 683 (Tex.1956).  The
supreme court has stated: 

When all the facts and circumstances of the case
unquestionably require a separate trial to prevent manifest injustice, and
there is no fact or circumstance supporting or tending to support a contrary
conclusion, and the legal rights of the parties will not be prejudiced thereby,
there is no room for the exercise of discretion. The rule then is peremptory in
operation and imposes upon the court a duty to order a separate trial. While
the refusal to grant a separate trial under such circumstances is usually
termed a clear abuse of discretion, it is nevertheless a violation of a plain
legal duty.

 

Id.








A trial court properly exercises its  discretion in severing claims when: A(1) the controversy involves more
than one cause of action; (2) the severed claim is one that could be asserted
independently in a separate lawsuit; and (3) the severed actions are not so
interwoven with the other claims that they involve the same facts and issues.@ 
Liberty Nat=l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996).  Insurance coverage claims and bad faith
claims are, by their nature, independent claims.  In re Republic Lloyds, 104 S.W.3d 354,
358 (Tex. App.BHouston [14th Dist.] 2003, orig.
proceeding).  Furthermore, an insured
usually may not prevail on an extra-contractual claim without first proving the
insurer breached the contract.  Id.  

No one disputes that there are multiple claims at issue in
this case.  Furthermore, case law
indicates that the contract and extra-contractual claims can be asserted
independently.  Thus, the first two
requirements for severance are met. 
Although the claims in this case could be asserted independently, the
claims are largely interwoven as most of the evidence introduced will be
admissible on both claims.  See Akin, 927
S.W.2d at 630.  Nonetheless,
severance may be necessary in some bad faith cases, such as when the insurer
has made a settlement offer on the disputed contract claim.  Id. at 630.  The supreme court has approved case law from
courts of appeals holding that severance is required when an insurer has made a
settlement offer.  Id. (citing Mid-Century
Ins. Co. v. Lerner, 901 S.W.2d 749 (Tex. App.BHouston [14th Dist.] 1995, orig.
proceeding); Northwestern Nat=l Lloyds Ins. Co. v. Caldwell, 862 S.W.2d 44 (Tex. App.BHouston [14th Dist.] 1993, orig.
proceeding); F.A. Richard & Assocs. v. Millard, 856 S.W.2d 765 (Tex.
App.BHouston [1st Dist.] 1993, orig.
proceeding); United States Fire Ins. Co. v. Millard, 847 S.W.2d 668
(Tex. App.BHouston [1st Dist.] 1993, orig.
proceeding); and State Farm Mut. Ins. Co. v. Wilborn, 835 S.W.2d 260
(Tex. App.BHouston [14th Dist.] 1992, orig.
proceeding)).

The supreme court did not find severance necessary in Akin
because there was no settlement offer made in that case.  Id. at 629-30.  Instead, the insurer in Akin had
tendered payment for the uncontested portion of the real party=s claim.  Id. at 630.  Thus, the supreme court found that, A[i]n the absence of a settlement
offer on the entire contract claim, or other compelling circumstances,
severance is not required.@  Id.     








In this case, unlike in the facts in Akin, a settlement offer was
made.[2]  Real parties attempt to distinguish the cases
finding severance mandatory by noting many of the cases involve under-insured
and uninsured motorist (AUIM@) policies.  Real
parties note that an insurer in a UIM case is not obligated to pay benefits
until the insured becomes legally entitled to those benefits.  Thus, real parties claim the insurer=s liability is different from the
liability of an insurer under a homeowner=s policy.  In approving the courts of appeals= opinions finding severance mandatory,
the supreme court in Akin did not distinguish the case law on the basis
real parties assert, and because the claim in Akin, like the instant
case, was on a homeowner=s insurance policy, the court certainly had the opportunity
to do so.  927 S.W.2d at 628.  Instead, the court approved the case law,
but  noted that this case law was
inapplicable in Akin because there was no settlement offer
involved.  Id. at 630.  Furthermore, this court has previously
applied the UIM case law to a case involving a homeowner=s policy.  In re Republic Lloyds,104 S.W.3d 354
(Tex. App.BHouston [14th Dist.] 2003, orig.
proceeding). Consequently, we are unpersuaded by the distinction real parties
raise and we find the UIM case law applicable.[3]

Real parties next assert the trial court properly denied the
severance motion because relator=s settlement offer is irrelevant to
the bad faith claims.  Real parties cite
to Universe Life Ins. Co. v. Giles, 950 S.W.2d 48 (Tex. 1997), for the
standard for recovery in a bad faith case. 
The Giles court held that, to prove bad faith on the part of the
insurer, the plaintiff must prove the insurer failed to attempt in good faith
to effectuate a prompt, fair, and equitable settlement of a claim after the
insurer=s liability has become reasonably
clear.  Id. at 55.  The supreme court added that the issue
whether an insurer acted in bad faith is a question of fact for the jury, not a
question of law for the court.  Id.
at 56.  








Although real parties acknowledge that the issue of whether
relator acted in bad faith is an issue for the fact-finder, they nonetheless
assert that evidence of relator=s settlement offer would be irrelevant because the offer was
not made promptly.  Applying Rule of
Evidence 408,[4]
a settlement offer would be irrelevant and prejudicial regarding the insurance
company's liability under the policy itself. 
Wilborn, 835 S.W.2d at 261. 
However, the settlement offer could be an essential element of the
insured's cause of action for bad faith or of the insurance company's defense
to the bad faith claim.  Id.  AWhile evidence of an offer of
settlement >would be prejudicial to the insurer
because of its implication that the insurer has admitted liability= on the contract claim, >the very same evidence of settlement
offers may be of great benefit to the insurance company in its defense against
the bad faith claims, to show that it made a reasonable attempt to pay the
amount it believed it owed on its insured's claim=.@ 
Avary v. Bank of America, N.A., 72 S.W.3d 779, 798 (Tex. App.BDallas 2002, pet. denied)(quoting Allstate
Ins. Co. v. Evins, 894 S.W.2d 847, 849 (Tex. App.BCorpus Christi 1995, orig.
proceeding).  Given that the fact-finder
must consider the promptness of relator=s attempt to settle the claim in
deciding the bad faith issue, we are unpersuaded by real parties= assertion that the settlement offer
is irrelevant to the bad faith claim. 








Real parties also distinguish cases finding severance
mandatory by asserting that, in those cases, the settlement offers were made
before trial.  Although most of the cases
do involve pre-lawsuit settlement offers, a case from this court involved an
offer made after suit was filed.  Caldwell,
862 S.W.2d at 45.  In Caldwell,
the plaintiffs filed suit and subsequently added bad faith claims against the
insurers.  Id.  A motion to sever was denied.  Id. 
Because the hearing on the motion was not recorded, the insurer sought
and was granted rehearing.  Id.  Before the hearing was held, the insurer made
a settlement offer, which was rejected.  Id.  The trial court held a hearing on the motion
to sever and again, denied it.  Id.  On mandamus, our court found an abuse of
discretion by the trial judge, and granted the writ.  Id. at 47.  Accordingly, the timing of the settlement
offer does not support the trial court=s denial of the motion to sever.

Real parties further contend relator has not established that
it will be prejudiced by a lack of severance. 
As a panel of this court observed in Wilborn, an irreconcilable
conflict arises if severance is denied in a case involving contractual and
extra-contractual claims.  835 S.W.2d at
262.  The trial court could refuse to
admit evidence of the settlement offer, acknowledging relator=s right to exclude it under Rule of
Evidence 408, but excluding it would deny real parties= right to use it to establish the
elements of the bad faith claim.  Id.  Alternatively, the court could admit evidence
of the settlement offer, satisfying real parties= proof of their bad faith claim, but
abrogating relator=s right to exclude such evidence.  Id. 
AThe resolution of this conflict
leaves but one decision to protect all interests involved and that is to order
severance of the two causes of action and to abate the proceedings on the bad
faith claim until final disposition of the uninsured motorist claim.@ 
Id.  

Accordingly, we find the trial court abused its discretion in
denying relator=s motion for severance. 
The trial of the contractual claims, along with the bad faith claims
would not afford relator an adequate remedy by appeal.  See Caldwell, 862 S.W.2d at 47.

We conditionally grant relator the relief requested in its
petition for writ of mandamus.  The trial
court is directed to vacate its order of July 1, 2005, denying the motion for
severance, and to grant the motion for severance.  The writ will issue only if the trial judge
fails to do so.

 

PER CURIAM

 

Petition Granted
and Memorandum Opinion filed September 2, 2005.

Panel consists of
Justices Yates, Anderson, and Hudson.











[1]  The parties do not state that a hearing was held on
this motion and no record has been filed. 
The July 1, 2005, order does not reference a hearing.  





[2]  Relator=s assert
that their settlement offer was for the entire contract claim.  Real parties do not dispute this.  Thus, we need not address whether the offer
was for the entire claim as we did in In re Republic Lloyds, 104 S.W.3d
354, 358-60 (Tex. App.BHouston [14th Dist.] 2003, orig. proceeding). 





[3]  In Republic Lloyds, a panel of this
court noted that case law requiring severance of contract from
extra-contractual claims was applicable, but denied relief because relators
failed to prove that the settlement offer was made on the entire contract
claim.  Id. at 358-60. 





[4]  Rule 408 provides in part: AEvidence of (1) furnishing or offering or promising to
furnish or (2) accepting or offering or promising to accept, a valuable
consideration in compromising or attempting to compromise a claim which was
disputed as to either validity or amount is not admissible to prove liability
for or invalidity of the claim or its amount.@  Tex.
R. Evid. 408.