COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
  
 IN RE:  STATE FARM MUTUAL AUTOMOBILE INSURANCE
 COMPANY,
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
  
  
 08-12-00176-CV
  
 AN ORIGINIAL
 PROCEEDING 
  
 IN MANDAMUS
 
 


 

 

OPINION
ON MOTION FOR REHEARING

            In this original proceeding, State Farm
Mutual Automobile Insurance Company seeks mandamus relief from the trial court’s
order denying its motion to sever Rosa and Alfonso Durans’ breach of contract
claim from their extra-contractual claims and abate the extra-contractual
claims pending resolution of the breach of contract claim.  We
previously issued an opinion and judgment denying mandamus relief with respect
to the portion of the trial court’s order denying abatement, but conditionally
granting mandamus relief with respect to the portion of the trial court’s order
denying severance.  Arguing that our
decision to deny mandamus relief with respect to the portion of the trial
court’s order denying abatement is contrary to well-established authority
considering abatement in uninsured/underinsured cases, State Farm has moved for
rehearing only as to that portion of our opinion.  After reviewing the arguments and authorities
cited in the motion for rehearing, we agree with State Farm.  Accordingly, we grant the motion for
rehearing, withdraw our prior opinion and judgment dated August 8, 2012, and
substitute the following in their stead.

Factual and Procedural Background








            In the underlying action, Rosa Duran was
injured when struck by an underinsured motorist while walking through the
parking lot of a shopping center.  In
settling her claim with the underinsured motorist, Rosa accepted from the motorist
the full amount of liability insurance the motorist had in force at the time of
the accident – $25,000.  Asserting that
the $25,000 she recovered was insufficient compensation, Rosa made a claim on
two separate State Farm policies, one issued to her husband Alfonso Duran and the
other to her daughter Cecilia Duran.  State
Farm offered Rosa $7,500 to settle both claims.

Dissatisfied, the Durans sued State Farm for breach
of the insurance policy, violations of Section 17.46 of the Deceptive Trade
Practices Act and the prompt payment provisions of Chapter 542 of the Insurance
Code, and violations of the common-law duty of good faith and fair dealing.  The Durans sought $50,000 in damages –
$25,000 from each policy – for Rosa’s injuries and for Alfonso’s claims of loss
of consortium and of household services.  Arguing that severance of the Durans’
extra-contractual claims from their contract claim and abatement of the extra-contractual
claims pending resolution of the contract claim was necessary to avoid the prejudice
it would suffer in defending both claims in a single trial, State Farm moved to
sever and abate.  The trial court denied State
Farm’s motion.

 

MANDAMUS

            To
obtain mandamus relief from the order denying its motion to sever and abate,
State Farm must meet two requirements.  State
Farm must show that the trial court clearly abused its discretion and that the
benefits of mandamus outweigh the detriments to the extent that an appellate
remedy is inadequate.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135-36 (Tex. 2004)(orig. proceeding).

A trial court
abuses its discretion if it reaches a decision so arbitrary and unreasonable as
to constitute a clear and prejudicial error of law.  In re
Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005)(orig.
proceeding).  When reviewing the trial
court’s decision for an abuse of discretion, we may not substitute our judgment
for that of the trial court with respect to resolution of factual issues or
matters committed to the trial court’s discretion.  See
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992); see also Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242
(Tex. 1985).  However, we are much less
deferential when reviewing the trial court’s determination of the legal
principles controlling its ruling.  See Walker, 827 S.W.2d at 840.  A trial court has no discretion in
determining what the law is or applying the law to the facts, even when the law
is unsettled.  Prudential, 148 S.W.3d at 135. 
A clear failure by the trial court to analyze or apply the law correctly
will constitute an abuse of discretion.  Walker, 827 S.W.2d at 840.

Absent
extraordinary circumstances, mandamus will not issue unless the relator lacks
an adequate remedy by appeal.  In re Van Waters & Rogers, Inc., 145
S.W.3d 203, 210-11 (Tex. 2004)(orig. proceeding).  Whether a clear abuse of discretion can be
adequately remedied by appeal depends on a careful analysis of costs and
benefits of interlocutory review.  In re McAllen Med. Ctr., Inc., 275
S.W.3d 458, 464 (Tex. 2008)(orig. proceeding). 
Because it depends heavily on circumstances, such a cost-benefit
analysis must be guided by principles rather than by simple rules that treat
cases as categories.  See id. 
In addition, we must consider whether mandamus will spare the litigants
and the public “the time and money utterly wasted enduring eventual reversal of
improperly conducted proceedings.”  In re Team Rocket, L.P., 256 S.W.3d 257,
262 (Tex. 2008)(orig. proceeding), quoting
Prudential, 148 S.W.3d at 136.

MOTION TO SEVER AND ABATE

            State Farm argues
that because it offered to settle the Durans’ entire contract claim, the trial
court should have severed the Durans’
extra-contractual claims from their contract claim and abated the Durans’ extra-contractual claims pending
resolution of the contract claim, and, by failing to do so, abused its
discretion.  State Farm further contends that,
without severance and abatement, it has no adequate remedy by appeal because it
“stands to lose substantial rights by being required to prepare for extra
contractual claims that may be rendered moot, and may have not even yet
accrued.”

Standard
of Review

We review an order
denying the severance of extra-contractual
claims from contract claims and abatement of extra-contractual claims pending resolution of contract claims for
an abuse of discretion.  Liberty Nat’l Fire Ins. Co. v. Akin, 927
S.W.2d 627, 629 (Tex. 1996).

SEVERANCE

1.  Applicable
Law

A trial court
abuses its discretion if it fails to order a severance “[w]hen all of the facts
and circumstances of the case unquestionably require a separate trial to
prevent manifest injustice, and there is no fact or circumstance supporting or
tending to support a contrary conclusion, and the legal rights of the parties
will not be prejudiced thereby, there is no room for the exercise of discretion.”  Womack
v. Berry, 156 Tex. 44, 291 S.W.2d 677, 683 (1956)(orig. proceeding).  Prejudice is not presumed simply because
contract claims and extra-contractual claims are joined in the same action;
accordingly, severance is not always mandatory. 
Allstate Ins. Co. v. Hunter,
865 S.W.2d 189, 193-94 (Tex.App.--Corpus Christi 1993, orig. proceeding); Progressive County Mut. Ins. Co. v. Parks,
856 S.W.2d 776, 778 (Tex.App.--El Paso 1993, orig. proceeding).  However, when an insurer moves to sever an
insured’s extra-contractual claims from a contract claim following its offer to
settle the insured’s entire contract claim, the trial court must sever the
insured’s extra-contractual claims from the contract claim because evidence of
a settlement offer creates prejudice.  Akin, 927 S.W.2d at 630; Tex. Farmers Ins. Co. v. Cooper, 916
S.W.2d 698, 701, 702 (Tex.App.--El Paso 1996, orig. proceeding)(holding that
severance of contract claim from extra-contractual claims is necessary when
evidence of a settlement offer is relevant to the extra-contractual claim).

Absent severance, an
insurer is presented with a “Catch-22” in that its decision to admit or exclude
evidence of a settlement offer jeopardizes the successful defense of the other claim.  For instance, in defending against a contract
claim, the insurer will insist on exercising its right to exclude evidence of a
settlement offer to negate liability.  See Akin,
927 S.W.2d at 630; see also Tex.R.Evid. 408.  Conversely, in defending against extra-contractual
claims, an insurer will insist on exercising its right to admit evidence of a
settlement offer to negate liability.  See Akin, 927 S.W.2d at 630.  Thus, by having to defend against these two
types of claims simultaneously and before the same jury absent severance, an
insurer is prejudiced to such an extent that a fair trial is unlikely.  Akin,
927 S.W.2d at 630.  Under such a scenario,
the trial court has no choice but to sever in order to protect the fairness of
the proceedings and the interests of the parties.  See
State Farm Mut. Auto. Ins. Co. v. Wilborn, 835 S.W.2d 260, 262 (Tex.App.--Houston
[14th Dist.] 1992, orig. proceeding).

Discussion


1. 
Abuse of Discretion

State Farm asserts
that the trial court’s order denying severance is contrary to the principles of
law set forth above.  We agree.

As established
above, severance is required when an insurer offers to settle the entire
contract claim so as to avoid the unfair and prejudicial dilemma an insurer
faces in simultaneously defending against a contract claim and extra-contractual
claims.  Akin, 927 S.W.2d at 630; Cooper,
916 S.W.2d at 701, 702.  Here, State Farm
asserted in its motion and reply, and provided proof to the trial court in the
form of letters and affidavits from its claims representative, that it was
offering to settle in full each of Rosa’s “claim[s] for Underinsured Bodily
Injured benefits” and “all damages Rosa … claim[ed].”[1]  Because
State Farm offered to settle in full Rosa’s contract claims and the resulting
damages therefrom, severance is required to avoid the unfair and prejudicial
dilemma State Farm would face in simultaneously defending against the Durans’ contract
claim and their extra-contractual claims. 
See Akin, 927 S.W.2d at 630; Cooper,
916 S.W.2d at 701, 702.

The Durans respond
that severance is improper because their claims brought pursuant to Chapter 542 of the Insurance Code are not
separate causes of action subject to severance, but are instead a single cause
of action combining an insurer’s contractual and statutory liability.  In support of their argument, the
Durans refer to Lusk v. Puryear, 896
S.W.2d 377, 379 (Tex.App.--Amarillo 1995, orig. proceeding).  However, the Durans’ reliance on Lusk is misplaced.

In Lusk,
the insured alleged that, by failing to pay benefits timely, the insurer
breached the insurance contract and violated the prompt payment provisions of Article
21.55 of the Insurance Code.[2]  Lusk,
896 S.W.2d at 380.  The court held that
severance and abatement were improper.  Id. 
In so holding, the court reasoned that because damages for untimely
payment authorized by Article 21.55 were recoverable for the insurer’s failure
to pay a claim for which it would be liable under the contract, the insurer’s
entire liability, both contractually and statutorily, “was put in issue as one
cause of action.”  Lusk, 896 S.W.2d at 380.

But this situation is not present here.  First, because the claims asserted in this
case are different and broader than those brought in Lusk, they are distinct
claims.  In Lusk, there was no underlying coverage dispute; rather, the insured
alleged that the insurer breached its insurance contract solely by failing to
pay benefits timely.  Here, the Durans
alleged in their petition that State Farm violated Chapter 542 not only by
failing to pay their claim promptly, but also by engaging in various acts
constituting unfair claim settlement practices, and, furthermore, that State
Farm breached its contract by failing to compensate them adequately for their
loss.  Second, unlike the insurer in Lusk, State Farm offered to settle the
Durans’ contract claim, a fact so significant that it renders Lusk inapplicable and mandates
resolution of this case pursuant to the authorities cited above.

The Durans also
contend that State Farm’s settlement offer is so insufficient that it does not
entitle State Farm to severance.  First,
the Durans argue that State Farm is not entitled to severance because by
failing to offer to settle their Chapter 542 prompt payment claims and Alfonso’s loss of consortium claims, State
Farm did not offer to settle “the entire dispute.”  Contrary to the Durans’ assertion, however, determining
whether a coverage claim must be severed from a bad faith claim does not hinge
on an insurer’s offer to settle the “entire dispute,” but rather on an
insurer’s offer to settle the contract
claim.  See Akin, 927 S.W.2d at 630 (“In the absence of a settlement offer
on the entire contract claim, or
other compelling circumstances, severance is not required.”)[Emphasis added]; In re Republic Lloyds, 104 S.W.3d 354,
358 (Tex.App.--Houston [14th Dist.] 2003, orig. proceeding)(“Thus, pursuant to Akin, a severance is required when the
insurer has made a settlement offer on the entire breach of contract claim.”) [Emphasis added].

Second, citing to In re Republics Lloyds, the Durans argue
that State Farm failed to prove that it was entitled to severance because the
affidavits and letters from its claims representative do not affirmatively
establish that it made an offer to settle the entire contract claim.  In In
re Republics Lloyds, the court held that the insurer’s reliance on the
insured’s proof of loss statement and the check purportedly tendered to them
for the amount set out in the statement did not conclusively establish that the
insurers offered to settle the entire breach of contract claim.  104
S.W.3d at 359-60.  In so holding, the
court concluded, in significant part, that the insurers did not meet their
evidentiary burden because the check neither contained any release language nor
indicated that it was payment in full and because no cover letter accompanied
the check to establish that the check was tendered, and, if so, in response to
the insured’s claims.  Id. at 359.  Here, in contrast, State Farm met its
evidentiary burden by providing the trial court with letters and affidavits
from its claims representative that conclusively proved that State Farm offered
to settle each of Rosa’s contractual claims and the resulting damages
therefrom.[3]

Because we agree
with State Farm that severance of the Durans’ contract claim from their extra-contractual
claims is necessary based on the existence of an offer to settle the entire contract
claim, we hold that the trial court abused its discretion in denying State Farm’s
motion to sever.

2. 
Inadequate Remedy

            It
is undisputed that because an order denying severance is not a final judgment,
it is not appealable.  Beckham Group, P.C. v. Snyder, 315
S.W.3d 244, 245 (Tex.App.--Dallas 2010, no pet.).  Mandamus is therefore the appropriate avenue
by which a party may seek review of a trial court’s order denying severance.  In re
Liu, 290 S.W.3d 515, 518 (Tex.App.--Texarkana 2009, orig. proceeding).

In this case,
mandamus relief is appropriate because its benefits outweigh its detriments.  As established above, State Farm has a
substantial right to have its liability decided without any mention of a
settlement offer.  See, e.g., Akin, 927 S.W.2d at 630; Cooper, 916 S.W.2d at 701, 702; Willborn,
835 S.W.2d at 262.  Severance of the
Durans’ contract claims from their extra-contractual claims is necessary to
preserve that right, and an appeal is insufficient to protect State Farm’s
right.  If State Farm obtains judgment on
a favorable jury verdict, it cannot appeal. 
If the Durans obtain a judgment against State Farm on an unfavorable
jury verdict, State Farm could not obtain reversal for the incorrect denial of
severance unless the court of appeals concludes that the trial court’s error
“probably caused the rendition of an improper judgment . . . .”  Tex.R.App.P.
44.1(a)(1).  There is no guarantee that
State Farm can do so.  Even if State Farm
were to obtain a reversal, its substantial right will have been lost, in part,
because only by a second trial will the right be available to it.  Accordingly, we hold that State Farm has no
adequate remedy by appeal.

ABATEMENT

Applicable
Law

            No
rule of law mandates that a trial court abate extra-contractual claims when it
orders severance of such claims from a contract claim.  See
Akin, 927 S.W.2d at 631 (“Regardless of which party prevails on the
contract claim, we disagree than an abatement of the bad faith claim until all
appeals of the contract claim are exhausted is required.”); Cooper, 916 S.W.2d at 702 (“Even where
settlement evidence requires separation of contract and bad faith claims, we
see no need to create an ironclad rule mandating abatement at any given
time.”).  Rather, in determining whether
extra-contractual claims should be abated until a contract claim becomes final,
the trial court should abate if abatement will:  (1) promote justice; (2) avoid prejudice; and
(3) promote judicial economy.  Cooper, 916 S.W.2d at 701.  “It is and remains movant’s burden to shown [sic]
specifically how it will be prejudiced if abatement is not ordered, and to show
concrete evidence of how defending against plaintiff’s contract claims clashes
with defending against plaintiff’s bad faith claims.”  Cooper,
916 S.W.2d at 701.

In a case where an insured asserts a claim
for uninsured/underinsured benefits, abatement of the extra-contractual claims
is required in most instances.  See In re United Fire Lloyds, 327 S.W.3d
250, 257 (Tex.App.--San Antonio 2010, orig. proceeding); U.S. Fire Ins. Co. v. Millard, 847 S.W.2d 668, 675
(Tex.App.--Houston [1st Dist.] 1993, orig. proceeding).  Abatement is required because of the unique
nature of an uninsured/underinsured case. 
In such a case, an insurer’s contractual duty to pay damages to an
insured arises only if the insured is “legally entitled to recover” from the
uninsured/underinsured motorist.  See Brainard v. Trinity Universal Ins. Co.,
216 S.W.3d 809, 815 (Tex. 2006), citing
Henson v. S. Farm Bureau Cas. Ins. Co.,
17 S.W.3d 652, 653-54 (Tex.2000).

An insured is “legally entitled to recover”
from the uninsured/underinsured motorist only if the insured establishes the
liability and underinsured status of the other motorist and the amount of
damages suffered by the insured.  Id., citing
Henson, 17 S.W.3d at 653-54.  If an insured is unable to so establish, an
insurer “should not be required to put forth the effort and expense of
conducting discovery, preparing for a trial, and conducting voir dire on bad
faith claims that could be rendered moot by the portion of the trial relating
to UIM benefits.”  In re United Fire Lloyds, 327 S.W.3d at 256.  “Texas insurance law generally conditions
recovery for bad faith and extracontractual claims on a recovery for breach of
the insurance contract itself.”  Smith v. Allstate Ins., No. H-03-0651,
2007 WL 677992, at *5 (S.D. Tex. Feb. 27, 2007), citing Progressive County
Mut. Ins. Co. v. Boyd, 177 S.W.3d 919, 922 (Tex. 2005); Liberty Nat'l Fire Ins. v. Akin, 927
S.W.2d 627, 629 (Tex. 1996).

Discussion

1.  Abuse of Discretion

            State Farm asserts that the trial
court abused its discretion by failing to abate the Durans’ extra-contractual
cause of action because “State Farm is under no contractual duty to pay UM/UIM
benefits until the [Durans] establish the liability and underinsured status of
the other motorist.”  We agree.

            As noted above, abatement of the
Durans’ extra-contractual claim is required if State Farm establishes that the
Durans are not “legally entitled to recover” from the uninsured/underinsured
motorist.  See In re United Fire Lloyds, 327 S.W.3d at 257 (citing Brainard); see also In re Old Am. County Mut. Ins. Co., No. 13-11-00412-CV,
2012 WL 506570, *5 (Tex.App.--Corpus Christi Feb. 16, 2012, orig.
proceeding)(mem. op.).  In their
petition, the Durans allege that, with State Farm’s consent, Rosa accepted,
from the underinsured motorist who struck her, the full amount of liability
insurance the motorist had in force at the time of the accident.  However, as State Farm correctly points out in
its motion for rehearing, a settlement or admission of liability from an
uninsured/underinsured motorist does not constitute a judicial determination
that the uninsured/underinsured motorist was both at fault and
underinsured.  See Brainard, 216 S.W.3d at 818; In re State Auto Prop. & Cas. Ins. Co., 348 S.W.3d 499, 502
(Tex.App.--Dallas 2011, orig. proceeding).  A judicial determination of negligence
and damages is what is required to trigger an insurer’s duty to pay contractual
benefits.  See Brainard, 216 S.W.3d at 818; In re State Auto Prop. & Cas. Ins. Co., 348 S.W.3d at 502.  There has been no judicial determination in
this case that the underinsured motorist who struck Rosa was both at fault and
underinsured.  Because no such
determination has been made, it has not been established that the Durans are
“legally entitled to recover” from the underinsured motorist.  Until the Durans establish that they are
legally entitled to recover from the underinsured motorist who struck Rosa,
State Farm is under no contractual duty to pay uninsured/underinsured benefits
to them.  Accordingly, abatement of the
Durans’ extra-contractual claims is required.

            The Durans contend that “State
Farm’s reliance on . . . Brainard . .
. for the proposition that abatement is required for all extra-contractual
claims is unfounded” and urge us instead to follow our decision in Cooper wherein we refused to create an
ironclad rule mandating abatement at any given time, even if severance of
contract and bad faith claims was required. 
However, we again decline to create an ironclad rule depriving the trial
court of discretion to deny abatement, regardless of the facts and
circumstances, in every case.  Under the
facts of this case, State Farm has specifically shown, as required by Cooper, that it would be immediately
prejudiced if the Durans' extra-contractual claims are not abated.  See
Cooper, 916 S.W.2d at 700-03.  As
noted above, the Durans’ pleadings inadequately allege that State Farm had a
previous contractual duty to pay them underinsured damages, and absent State
Farm's liability under the policy, the Durans cannot maintain their
extra-contractual claims.  See
Boyd, 177 S.W.3d at 922 (holding
that an insured’s recovery for extra-contractual claims is conditioned on
recovery for breach of the insurance contract itself).  Accordingly, it would be unjust, prejudicial,
and inconvenient to require State Farm to defend against the Durans’ extra-contractual
claims until State Farm’s liability under the policy has been determined.  It is therefore appropriate to abate the
Durans’ extra-contractual claims until such a determination has been made.

            Because we agree with State Farm
that abatement of the Durans’ extra-contractual claims is required, we hold
that the trial court abused its discretion in denying State Farm’s motion to
abate.

2. 
Inadequate Remedy

            Mandamus relief is appropriate in
this case because its benefits outweigh its detriments.  As established above, State Farm has a
substantial right not to be required to put forth the expense of conducting
discovery, preparing for a trial, and conducting voir dire on the Durans’ extra-contractual claims that ultimately
may be disposed of by their failure to prevail on their contractual claim.  See In
re United Fire Lloyds, 327 S.W.3d at 257; In re Old Am. County Mut. Ins. Co., 2012 WL 506570, at *5.  To require that State Farm undertake such
action and bear the costs associated with such action would be unjust,
prejudicial, and inconvenient.  Abatement
of the Durans’ extra-contractual claims is therefore necessary to preserve that
right, and, for the same reasons articulated in our discussion regarding severance,
an appeal is insufficient to protect State Farm’s right.  Accordingly, we hold that State Farm has no
adequate remedy by appeal.

CONCLUSION

            For the reasons set forth above, we
conclude that State Farm has shown that: 
(1) the trial court abused its discretion in denying severance of the Durans’
extra-contractual claims from their contractual claims and in denying abatement
of the extra-contractual claims pending the determination of their contract
claim; and (2) it has no adequate remedy by appeal.  State Farm is therefore entitled to mandamus
relief.  Accordingly, we conditionally
grant State Farm’s petition for writ of mandamus.  We hereby direct the trial court to vacate
its order denying State Farm’s motion for severance and abatement and issue an
order severing the Durans’ contract claim from their extra-contractual claims
and abating their extra-contractual claims pending the determination of their
contract claim.  Mandamus will issue only
if the trial court fails to act within ten days from the date of this opinion.

 

 

September 19, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff,
JJ.











[1]
The claims representative executed two affidavits.  One was attached to State Farm’s amended
motion to sever and abate.  The other,
expanded and revised, was attached to State Farm’s reply to the Durans’
response to its motion.

 





[2]
Article 21.55 is the statutory predecessor to Chapter 542.





[3]
The Durans posit that because State Farm failed to present and offer the second
and revised affidavit from its claims representative at the hearing on the
motion and instead attached it to a reply submitted after the hearing, it has
failed to preserve for appeal its claim that the revised affidavit proves that
its “offers were in ‘settlement of all damages.’”  In support, the Durans cite to In re Farmers Tex. County Mut. Ins. Co.,
No. 07-11-00396-CV, 2011 WL 4916303 (Tex.App.--Amarillo Oct. 17, 2011, orig.
proceeding).  However, In re Farmers is distinguishable.

 

There, the insurer filed a
plea in abatement requesting the trial court abate all extra-contractual claims
until after resolution of the underinsured motorist claim.  2011 WL 4916303, at *1.  After holding a hearing on the plea in
abatement, the trial court denied the plea on the record.  Id.  One
month later, the insurer notified the trial court in a letter that it had made
a settlement offer to conclude the entire contract claim.  Id.  Notably, the letter did not request the trial
court reconsider its denial of the plea in light of its settlement offer.  Id.,
at *1-2.  The court held that the insurer
was not entitled to mandamus relief on the ground that it raised on appeal –
abatement was necessary after a settlement offer – because this was not the
ground it had raised at trial – abatement was necessary after resolution of the
underinsured motorist claim.  Id., at *2.  In other words, the insurer failed to
preserve its claim on appeal.

 

Here, unlike the trial court
in In re Farmers, the trial court
never ruled on the motion to sever and abate at the conclusion of the hearing
on the motion; rather, it denied the motion approximately six weeks after
considering additional briefing from the parties.  It was in this additional briefing that State
Farm included the affidavit about which the Durans complain on appeal and which
the trial court presumably considered in denying the motion.  Thus, unlike the insurer in In re Farmers, State Farm is not relying
upon new evidence it never introduced at trial in support of an argument on
appeal that does not comport with its argument at trial.  Rather, on appeal, State Farm relies upon the
same ground it raised at trial arguing why severance and abatement were necessary
– because it made a settlement offer. 
Accordingly, State Farm has preserved its claim on appeal.