Jan **VAN DER MEULEN**, Appellant,

v.

**SOUTHWESTERN LIFE INSURANCE COMPANY**, Appellee.

No. 15332.

Court of Civil Appeals of Texas, San Antonio.

Sept. 18, 1974.

Rehearing Denied Oct. 16, 1974.

Groce, Locke & Hebdon, Thomas H. Crofts, Jr., San Antonio, for appellant.

Cox, Smith, Smith, Hale & Guenther, Inc., Leonard Blaylock, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant, the owner of a Single Premium Deferred Annuity Contract issued by appellee, brought suit for specific performance of the loan provision or cash surrender provision contained in the annuity contract. Judgment was entered after a nonjury trial whereby appellee was denied all relief and the contract was reformed so as to delete a part of the endorsement regarding "Restriction on Transferability."

Findings of fact and conclusions of law were filed by the trial court. Appellant has appealed without a statement of facts. Thus, while he does not here challenge the sufficiency of the evidence to support the findings of fact, he does claim that the findings do not support the judgment. See Rule 307, Texas Rules of Civil Procedure.

Appellant was employed by Texas Trunk Company from 1955 to 1969. The company has an Employees' Profit Sharing Trust based entirely on the employer's contributions. After appellant terminated his employment, the Trustees applied to appellee for a deferred annuity contract for the benefit of appellant as annuitant. The single premium of $3,879.90 was paid by the Trustees and on December 12, 1969, appellee issued the contract in question which has a maturity date of December 12, 1985.

On January 27, 1970, appellant wrote appellee that he desired to surrender the contract for its cash value. On February 4, 1970, appellee furnished a form to appellant for this purpose, and the completed Cash Surrender Release was returned to appellee. On February 17, 1970, appellee advised appellant that "a review of our records show that you do not have the right to cash surrender the policy." Subsequent demands by appellant for a loan of the cash value of the contract were also denied. Appellant then filed this suit seeking specific performance of the contract provisions granting him the right to borrow on the contract or to surrender it for its cash value.

Appellant asserts ten assignments of error on this appeal wherein he complains of the trial court's judgment denying him the right to borrow on the contract or to surrender the contract and receive its cash value. On oral argument of the cause, appellant stated that his preference is to surrender the contract for its cash value. We will therefore consider first the points relating to this asserted right.

Two separate provisions of the contract expressly grant appellant, as one of the settlement options, the right to surrender the contract at any time while it is in force and receive the cash value. In addition, there is included in the contract a computation of the cash and surrender loan values of this policy for each of the twenty years before maturity, based upon the single premium paid for this contract. This computation was prepared by appellee expressly for this contract. An endorsement attached to the contract rescinds a requirement in the contract that it be in force for at least five years prior to the owner's election to surrender the contract for its cash value.

The trial court concluded that appellant's right under the contract to surrender the policy for its cash value was prohibited by a "Restriction on Transferability" endorse-

ment of the policy. In a box on the first page of the contract is a provision:

## "TRANSFERABILITY RESTRICTED

To satisfy requirements of Section 401(G) of the Internal Revenue Code of 1954 as Amended by Public Law 87.792."

An endorsement is attached as a part of the contract which provides in part that the contract is amended at the request of applicant (Trustees) by addition of the following section:

"RESTRICTION ON TRANSFERABILITY. Any provisions contained herein to the contrary notwithstanding, this contract may not be sold, assigned, discounted, or pledged as collateral or as security for the performance of an obligation or for any other purpose, *to any person other than Southwestern Life Insurance Company*. Nothing contained in this endorsement, however, shall operate to prevent the Owner from exercising the right to name and change beneficiaries or the right to elect any method of settlement provided under the settlement provisions of this contract." (Emphasis ours)

Also attached to the contract and expressly made a part thereof is the application for the contract which includes a request by Trustees as follows:

"It is requested that, in order to satisfy requirements of Section 401(g) of the Internal Revenue Code of 1954 as amended by Public Law 87–792, any contract issued in consequence of said application contain a provision reading as follows:

## 'RESTRICTION ON TRANSFERABILITY.' "

There follows a provision identical to the one set forth above except that the emphasized phrase "to any person other than Southwestern Life Insurance Company" is omitted.

The trial court found that the provision regarding "Restriction on Transferability" contained in the policy did not conform to the restriction expressly requested by the Trustees in their application and that the "wrong endorsement" was used by appellee through mistake. It further found that through mistake the Trustees and appellee had failed to detect the error until about the middle of February, 1970. The court concluded that because of their mutual mistake the contract should be reformed to reflect the true intention of Trustees and appellee and that the emphasized phrase should be omitted.

We agree with appellant that the endorsement regarding the restriction on transferability, even as reformed by the trial court, does not preclude appellant from exercising his contractual option to surrender the contract and receive its stated cash value at that time. The reformed endorsement expressly provides in part that it should not operate to prevent the owner from exercising the right "to elect any method of settlement provided under the settlement provisions of this contract." The first paragraph under the "Settlement Provisions" of the contract specifically authorizes a cash surrender of the contract prior to the maturity date under any of the five named methods of payment. Thus the restriction endorsement, by its very terms, does not preclude appellant from exercising his right to surrender the contract prior to maturity.

A cash surrender of the policy does no violence whatsoever to the restriction on transferability as contained in said endorsement. Said restriction provides that the contract may not be "sold, assigned, discounted, or pledged as collateral or as security for the performance of an obligation or for any other purpose." It is seen that each of these restrictions contemplates the continued life of said contract. On the other hand, a surrender of the policy is a termination of all rights of the owner under the policy, just as much as a discharge

after maturity of the contract. See Magers v. National Life & Accident Ins. Co., 329 S.W.2d 752 (Mo.1959); Shoemaker v. American Nat. Ins. Co., 48 S.W.2d 612 (Tex.Comm'n App.1932, judgmt. adopted).

Furthermore, this construction of the restriction endorsement fully meets the Trustees' request for an endorsement to satisfy the requirements of Section 401(g) of the Internal Revenue Code of 1954 as amended by Public Law 87–792. This section provides as follows:

> ". . . the term 'annuity' includes a face-amount certificate . . .; but does not include any contract or certificate . . .; which is transferable, if any person other than the trustee of a trust described in section 401(a) which is exempt from tax under section 501(a) is the owner of such contract or certificate."

Internal Revenue Service Regulation 1.-401–9, Federal Tax Regulations (1969), defines a transfer of an annuity, within such prohibition, as follows:

> "A face-amount certificate or an annuity contract is transferable if the owner can transfer any portion of his interest in the certificate or contract to any person *other than the issuer thereof*. Accordingly, such a certificate or contract is transferable if the owner can sell, assign, discount, or pledge as collateral for a loan or as security for the performance of an obligation or for any other purpose his interest in the certificate or contract *to any person other than the issuer thereof*." (Emphasis ours)

Example (c)(1) of an endorsement which would comply with this section contains the same exception as the endorsement in question in that the example provides that the restriction on transferability is not applicable to the insurance company issuing it.

We conclude the trial court erred in denying appellant the right to surrender the contract and receive its cash surrender value. It is therefore unnecessary to consider appellant's other points.

 It is uncontradicted that the cash surrender value of the contract as of February 5, 1974,[1] was $4,402.31. Appellant is therefore entitled to recover this sum together with the statutory penalty of 12 percent since appellee wrongfully refused to pay same within thirty days of demand. See Article 3.62, Tex.Ins.Code, Vernon's Tex.Rev.Civ.Stat.Ann.

The judgment of the trial court is reversed and here rendered that appellant recover judgment from appellee for the sum of $4,402.31 plus the statutory penalty of $528.28, together with interest at the rate of six percent per annum from February 5, 1974, until paid.

---

1. Appellant seeks to recover the value as of this date when he filed his amended petition.