Doris LUSK, Roger Lusk, and Russell D. Daves, Relators,

v.

Honorable Cecil G. PURYEAR, Judge, Respondent.

No. 07–95–0014–CV.

Court of Appeals of Texas, Amarillo.

March 23, 1995.

Russell D. Daves, Lubbock, for relators.

Jones, Flygare, Galey, Brown & Wharton, Lubbock, John P. LeVick, for real party in interest.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

In this original proceeding, relators Doris Lusk, Roger Lusk, and Russell D. Daves were granted leave to file their petition for writ of mandamus, seeking to compel respondent, Honorable Cecil G. Puryear, Judge of the 137th District Court of Lubbock County, to vacate his order of severance and abatement, and his order granting the motion to quash and for protective order, filed by Mid–Century Insurance Company of Texas, the real party in interest, in cause no. 94–547,831 on the docket of the 137th District Court of Lubbock County. For the reasons to be expressed, we will conditionally issue the writ of mandamus.

Relators Doris Lusk and her husband, Roger Lusk, were insureds under a policy of automobile insurance issued by Mid–Century, a provision of which contained personal injury protection in the amount of $2,500 per person. Relator Doris Lusk sustained injuries in an automobile accident and, resultingly, incurred medical expenses through assorted health care providers.[1] Thereafter, she made a claim for the policy's personal injury benefits, and assigned her right to receive the benefits to health care providers who had treated her. Mid–Century had paid some of the benefits to the health care providers when it received notice from attorney Daves of relator Doris Lusk's intention to revoke the assignments. To prevent being subjected to adverse and conflicting claims, Mid–Century filed its petition in intervention, interpleading relators and the health care providers, and tendered the balance of the un-

---

1. The Lusks and their attorney, Russell D. Daves, are the only relators to this petition for writ of mandamus, albeit the following health care providers were interpleaded as defendants in the underlying suit: Diego Rivera, M.D.; West Texas Therapy Associates; Paul Atallah, M.D.; Joseph Vanderhoof, D.D.S.; John Halsey Drug Store, Inc.; and Eblen Pharmacy.

paid benefits into the registry of the trial court.

Relators then filed a cross-claim against Mid–Century for breach of contract, and for statutory damages provided by article 21.55 of the Texas Insurance Code,[2] for its failure to pay insurance benefits within thirty days after relator Doris Lusk presented her claim. They also served notice of intention to take the deposition of the designated representative(s) of Mid–Century.

In response, Mid–Century filed an answer and two motions. The first was Mid–Century's motion for severance and plea in abatement, by which it alleged the cross-action asserted by relator Doris Lusk constituted extracontractual bad faith claims under article 21.21,[3] and was, therefore, a distinct cause of action which could not be resolved until the claims for the insurance benefits were determined. The second was Mid–Century's motion to quash the deposition relators had noticed their intention to take, by which it alleged the deposition concerned only matters relevant to the extracontractual claims, which should be severed and abated pending the resolution of the contractual claims.

Following a hearing on the motions, respondent found that Mid–Century's motion for severance should be granted, ordered the extracontractual claims asserted in relators' cross-action severed from the interpleader action, and abated any proceeding on that claim until the underlying suit was resolved. By a separate order, respondent, forming the opinion that Mid–Century's motion to quash and for a protective order was good and well-taken, granted the motion, and ordered the noticed and scheduled deposition quashed and not rescheduled until the order abating the extracontractual claims was vacated or until the further order of the court.

In this proceeding, the writ of mandamus relators seek to compel respondent to vacate

his orders will issue only if respondent clearly abused his discretion in failing to analyze or apply the law correctly, and only if that abuse cannot be remedied by appeal.[4] *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). This obtains because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 840.

Rule 41 of the Texas Rules of Civil Procedure grants trial courts broad discretion to order or not order separate trials when judicial convenience is served and prejudice avoided, *State Farm v. Wilborn*, 835 S.W.2d 260, 261 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding), but the rule does not contemplate the severance of one cause of action into two or more parts. *Pierce v. Reynolds*, 160 Tex. 198, 329 S.W.2d 76, 78 (1959). A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guaranty Federal v. Horseshoe Operating*, 793 S.W.2d 652, 658 (Tex.1990). However, when all the facts and circumstances of the case unquestionably require claims to be tried together, there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby, there is no room for the exercise of discretion and the trial court has a duty to deny a motion to sever. *See St. Paul Insurance Co. v. McPeak*, 641 S.W.2d 284, 289 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

In moving to sever and abate relator Doris Lusk's "bad faith claims," Mid–Century asserted that by her cross-action, she alleged "both contractual claims for personal

---

2. References to articles are to the articles of the Texas Insurance Code Annotated (Vernon 1981 & Supp.1995).

3. Article 21.21 addresses unfair competition and unfair practices in the business of insurance; and, though not expressly labeled as such, the rules and regulations issued by the State Board

of Insurance pursuant to the article's authorization are commonly referred to as "bad faith" allegations. *F.A. Richard and Associates v. Millard*, 856 S.W.2d 765, 766 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding).

4. Relators' assertion that they have no adequate remedy by appeal has not been disputed.

injury protection benefits and bad faith allegations under Article 21.21 . . .," and that "the bad faith claims constitute a distinct cause of action," which "cannot be justly or legally tried until the underlying contractual and interpleader action claims have been resolved." However, in her cross-action, relator Doris Lusk merely alleged that Mid–Century had refused to pay her personal injury protection claim in full within 30 days of presentment, which "constitute[d] a breach of their (sic) insurance contract," and a violation of article 21.55, thereby entitling her to "the additional sum of 12% of the amount due"[5] and reasonable attorney's fees.

Relator Doris Lusk's allegation of a mere breach of contract did not constitute an allegation of bad faith within the context of article 21.21. *Gulf States Underwriters of LA. v. Wilson*, 753 S.W.2d 422, 430 (Tex. App.—Beaumont 1988, writ denied). Thus, in ordering the severance and abatement upon granting Mid–Century's "good and well-taken" motion therefor—a motion which was based solely on alleged bad faith claims under article 21.21—respondent abused his discretion by applying inapplicable law.

■ Notwithstanding, Mid–Century, abandoning its reliance on article 21.21 in this original proceeding, now contends that relator's claim of damages and reasonable attorney's fees provided by article 21.55 "is a separate cause of action from claims made under a policy of insurance." In this regard, the pertinent section of article 21.55 provides:

> In all cases where a claim is made pursuant to a policy of insurance and the insurer liable therefor is not in compliance with the requirements of this article, such insurer shall be liable to pay the holder of the policy, or the beneficiary making a claim under the policy, in addition to the amount of the claim, 18 percent per annum of the amount of the claim as damages, together with reasonable attorney fees as may be determined by the trier of fact. Such attorney fees shall be taxed as part of the costs in the case.

Tex.Ins.Code Ann. art. 21.55, § 6 (Vernon Supp.1995).

Although the damages and attorney's fees provided by the article do not arise from the insurance contract, they are recoverable for the insurer's failure to timely pay any loss for which it may be liable under the contract. Thus, when relator Doris Lusk alleged Mid–Century failed to timely pay her claim and pleaded for damages and attorney's fees provided by article 21.55, the entire liability of Mid–Century, both on the insurance policy and under article 21.55, was put in issue as one cause of action. *Cf. Great American Reserve Insurance Co. v. Britton*, 406 S.W.2d 901, 907 (Tex.1966) (holding that when an insurer files suit to cancel a policy, the entire liability of the insurer, both on the policy and under the statute, is put in issue). This holding is consistent with the automatic imposition of the statutory damages and attorney's fees pleaded for when the insurer wrongfully refuses to timely pay a claim after demand. *See, e.g., McFarland v. Franklin Life Insurance Company*, 416 S.W.2d 378, 381–82 (Tex.1967); *Mid–Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 811–12 (Tex.App.—Austin 1994, writ denied); *Van Der Meulen v. Southwestern Life Insurance Co.*, 514 S.W.2d 469, 472 (Tex.Civ.App.—San Antonio 1974, writ ref'd).

■ Then, contrary to Mid–Century's contention in this proceeding, the claim under article 21.55 is not a separate cause of action. It follows that respondent abused his discretion by severing one cause of action into two parts, either by applying inapplicable law or incorrectly analyzing the applicable law.

At submission on oral argument, Mid–Century candidly conceded that if respondent abused his discretion in ordering the severance and abatement, he also abused his discretion in ordering the quashal of the deposition of its representative or representatives, since there would be no basis for the order. Indeed, given the incorrect severance upon which the order of quashal was predicated, there was no evidence to support the order; consequently, ordering the quashal was an abuse of discretion for which a writ of man-

---

**5.** At all material times, the statutory damage percentage was, and is, 18 percent per annum of the amount of the claim. Tex.Ins.Code Ann. art. 21.55, § 6 (Vernon Supp.1995).

damus will issue. *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56, 58–59 (Tex.1986).

■ Accordingly, we conditionally grant the writ of mandamus. Confident that respondent will vacate his orders of severance, abatement, and quashal, the writ will issue only if he fails to do so.