UNITED STATES FIRE INSURANCE
COMPANY, Appellant,

v.

Tammy FUGATE, Appellee.

No. 10–04–00260–CV.

Court of Appeals of Texas,
Waco.

July 27, 2005.

Rehearing Overruled Aug. 30, 2005.

Jeffery A. Addicks, Hays, McConn, Rice & Pickering, Houston, for appellant.

Mark D. Haas, Haas & Goleman LLP, Conroe, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Appellee Tammy Fugate obtained a summary judgment against Appellant United States Fire Insurance Company (US Fire) on her Texas Insurance Code Article 21.55 claim for penalties and attorney's fees. US Fire appeals, raising five issues. Because US Fire is entitled to summary judgment on its res judicata defense, we will reverse and render.

## Background

On June 5, 1998, Fugate and her family were injured in a motor vehicle collision with a vehicle operated by William Heintz. After filing suit against Heintz, Fugate settled with him for his remaining policy limits of $15,200.

Fugate had an employer automobile insurance policy with US Fire, and that policy provided underinsured and uninsured motorist (UIM) coverage for her. In a letter dated January 6, 1999, Fugate's attorney notified US Fire of her intent to seek UIM benefits. But prior to that, in a letter dated November 4, 1998, US Fire wrote Fugate's attorney, responding to her letter of representation and stating US Fire's understanding that Fugate intended to make a claim for UIM benefits.

On June 30, 2000, Fugate filed suit (the First Suit) against US Fire for UIM benefits under her US Fire policy. Fugate did not assert an Article 21.55 claim against US Fire in the First Suit. After a jury trial, the trial court in the First Suit entered a judgment on March 22, 2002 in favor of Fugate on her claim for UIM benefits in the amount of $209,677.69 plus court costs of $1,021.50. US Fire paid this judgment.

Fugate sued US Fire a second time (the Second Suit) on January 21, 2003, asserting a claim under Article 21.55 and seeking its statutory penalty of 18% of the amount of her UIM claim and attorney's fees. US Fire filed a motion for summary judgment, asserting that Fugate's claim in the Second Suit for Article 21.55 damages was barred by res judicata because that claim could have been litigated in the First Suit. Fugate also moved for summary judgment in the Second Suit, asserting that, because US Fire did not timely acknowledge her UIM claim, she was entitled to damages under Article 21.55. US Fire's summary-judgment response asserted that its November 4, 1998 letter was an acknowledgment of Fugate's UIM claim and that Fugate's claim was barred by res judicata.

The trial court granted Fugate's motion for summary judgment and entered a judgment awarding her the statutory 18% per year penalty of $119,119.74 and attorney's fees of $39,935.37. The trial court did not rule on US Fire's summary-judgment motion. US Fire filed a motion for new trial, requesting the trial court to rule on its motion for summary judgment. The motion for new trial was overruled by operation of law.

In this appeal, US Fire asserts five issues. In its fourth issue, US Fire asserts that the trial court erred in granting Fugate's summary-judgment motion because her Article 21.55 claim was barred by res judicata.

## Standard of Review

We review the decision to grant a summary judgment de novo. *Rucker v. Bank One*, 36 S.W.3d 649, 652–53 (Tex.App.-Waco 2000, pet. denied). The well established standards for reviewing a summary judgment are:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact

and that the movant is entitled to judgment as a matter of law.

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

(3) Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor.

*Nixon v. Mr. Prop. Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When both sides move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides and determine all questions presented. *Comm'rs Court v. Agan*, 940 S.W.2d 77, 81 (Tex.1997).

### Article 21.55

Article 21.55 of the Texas Insurance Code, the Prompt Payment of Claims Act, requires an insurer to follow certain procedures and meet certain deadlines when it receives, accepts, rejects, or pays an insurance claim. *See* Tex. Ins.Code Ann. art. 21.55 § 2(a) (Vernon Supp.2004–05). The elements of an Article 21.55, section 6 claim are: (1) a claim under an insurance policy; (2) the insurer is liable for the claim; and (3) the insurer has failed to follow one or more sections of Article 21.55 with respect to the claim. *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291 (Tex. 2001). If an insurer violates one or more sections of this article, the insurer shall pay damages of, in addition to the amount of the claim, 18% per annum on the claim amount and reasonable attorney's fees. Tex. Ins.Code Ann. art. 21.55 §§ 3(f), 6 (Vernon Supp.2004–05).

### Res Judicata

■ The doctrine of res judicata precludes relitigation of claims that have been finally adjudicated or litigation of claims that arise out of the same subject matter and could have been litigated in a prior action. *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996). "The policies behind the doctrine reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 629 (Tex.1992) (citing Zollie Steakley & Weldon U. Howell, Jr., *Ruminations on Res Judicata*, 28 Sw.L.J. 355, 358–59 (1974)).

■ The successful application of res judicata requires proof that (1) a prior judgment on the merits was issued by a court of competent jurisdiction; (2) the parties in the first suit are the same as those in the second suit or are in privity with them; and (3) the second suit is based on the same claims as those that were raised or that could have been raised in the first suit. *Amstadt*, 919 S.W.2d at 652. "A subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit." *Barr*, 837 S.W.2d at 631.

■ third element is the only element at issue here. In the First Suit, Fugate alleged only a claim for UIM benefits under her US Fire policy. Her UIM claim was a breach-of-contract claim. *See Allstate Ins. Co. v. Lincoln*, 976 S.W.2d 873, 875 (Tex.App.-Waco 1998, no pet.) (holding that UIM claimant could recover attorney's fees for breach of contract). In many of the Article 21.55 cases cited by both parties, the plaintiff asserted both a breach-of-contract claim *and* an Article 21.55 claim in the same suit. *See Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 55–56 (Tex.App.-San Antonio 2002, pet. denied) (plaintiff asserted breach-of-contract

claim for UIM benefits along with Art. 21.55 claim and claim for breach of duty of good faith and fair dealing in same suit); *Bonner v. Allstate Ins. Co.*, 43 S.W.3d 532, 533 (Tex.App.-Austin 2000), *rev'd,* 51 S.W.3d 289, 291 (Tex.2001) (plaintiff asserted breach-of-contract claim for UIM benefits and Art. 21.55 claim in same suit); *Northwestern Nat'l County Mut. Ins. Co. v. Rodriguez,* 18 S.W.3d 718, 720 (Tex. App.-San Antonio 2000, pet. denied) (plaintiff asserted breach-of-contract claim for UIM benefits and Art. 21.55 claim in same suit); *Dunn v. Southern Farm Bureau Cas. Ins. Co.,* 991 S.W.2d 467, 470 (Tex. App.-Tyler 1999, pet. denied) (plaintiff asserted breach-of-contract claim for UIM benefits and Art. 21.55 claim in same suit); *see also Lincoln,* 976 S.W.2d at 874 (plaintiff asserted breach-of-contract claim for UIM benefits and Art. 21.55 claim in same suit).

Plainly, Fugate's Article 21.55 claim for untimely acknowledgment of her UIM claim relates to the same subject matter as her breach-of-contract claim for UIM benefits, and similarly situated plaintiffs routinely assert both claims in the same suit. Additionally, a judicial determination of the amount of UIM damages is not a condition precedent to a UIM breach-of-contract claim, much less an Article 21.55 claim. *See Lincoln,* 976 S.W.2d at 875–76 (holding that plaintiff entitled to attorney's fees on breach-of-contract claim for UIM benefits without prior judicial determination of damages). Because Fugate could have raised her Article 21.55 claim in the First Suit, res judicata bars her from asserting it in the Second Suit. The trial court erred in granting Fugate's motion for summary judgment, and US Fire was entitled to summary judgment on its res judicata defense. We sustain US Fire's fourth issue.

### Conclusion

Having sustained US Fire's fourth issue, we reverse the trial court's judgment and render judgment that Fugate take nothing from US Fire.

Chief Justice Gray concurs.

TOM GRAY, Chief Justice, concurring.

The issue in this appeal is whether Fugate was required to bring her claim under article 21.55 of the Texas Insurance Code in the same proceeding as her claim for breach of contract for failure to pay UIM coverage. *See* Act of 1991, 72nd Leg., ch. 242, § 11.03(a), *repealed by* Act of 2003, 78th Leg., ch. 1274, § 26(a)(1) (current version at TEX. INS.CODE ANN. § 542.060 (Vernon Pamp.2004–2005)).

The Texas case which provides the most guidance on this issue is *Lusk v. Puryear,* 896 S.W.2d 377 (Tex.App.-Amarillo 1995, orig. proceeding). In *Lusk,* the court held that it was error to sever a claim for non-payment of UIM benefits from an article 21.55 claim. The court held, based on the language of the statute, that there was only one cause of action, "the claim under article 21.55 is not a separate cause of action" from the claim under the UIM provision of the policy. *Id.* at 380. A suit under the contract puts the entire liability of the insurer, "both on the insurance policy and under article 21.55" in issue. *Id. See Hartman v. St. Paul Fire and Marine Ins. Co.,* 55 F.Supp.2d 600 (N.D.Tex.1998).

Because a claim under article 21.55 is not an independent claim that will support a separate cause of action, it follows that an article 21.55 claim is barred by res judicata if it is not brought in the same proceeding with the underlying breach of contract claim. In this regard, it is more in the nature of additional damages, though the timing of certain events must

be proven, than an independent cause of action.

Thus, I concur in the Court's judgment to reverse the judgment of the trial court and render judgment in favor of United States Fire Insurance Co.