Opinion issued August 11, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01054-CV

———————————

IN RE Loya Insurance Company, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

In this insurance coverage dispute, Loya
Insurance Company seeks mandamus relief from the trial court’s order partially
severing its insureds’ breach of insurance contract claim from the insureds’ extra-contractual
claims, but refusing to sever the insureds’ prompt payment claim or to abate any
of the extra-contractual claims pending resolution of the breach of contract
claim.[1]  

Background

          Fabian and Martha Jagrup sued Loya
for breach of their homeowner’s insurance policy, violations of the Texas Insurance
Code and its Chapter 542 prompt payment provisions, violations of the
common-law duty of good faith and fair dealing, and fraud.  Loya offered to settle the Jagrups’ claims.  After the Jagrups rejected Loya’s offer, Loya
then moved to sever and abate the Jagrups’ breach of insurance contract claim
from their extra-contractual claims.  The
trial court denied the motion.  

          Loya filed a petition for a writ of
mandamus, prompting the Jagrups to ask the trial court to modify its order.  The Jagrups agreed to sever their breach of
contract claim from their extra-contractual claims, except their statutory
claim for prompt payment.  They continued
to contest Loya’s motion to abate.  Pursuant
to the Jagrups’ request, the trial court (1) vacated its earlier order, (2)
severed the Jagrups’ breach of contract and Chapter 542 prompt payment claims
from the remainder of their claims, and (3) denied Loya’s request for abatement
of any extra-contractual claim.  Loya
seeks mandamus relief from the modified order, contending that the trial court
erred by refusing to sever the prompt payment claim along with the other
extra-contractual claims and to abate the severed claims pending resolution of
the contract claim.  

Discussion

Standard of Review

          An order denying severance
and abatement of a breach of contract claim from extra-contractual claims in
the insurance context is reviewed for abuse of discretion; it is well settled
that an improper denial is a basis for mandamus relief.  See
F.A. Richard & Assocs. v. Millard, 856 S.W.2d 765, 766-67 (Tex.
App.—Houston [1st Dist.] 1993, orig. proceeding); U.S. Fire Ins. Co. v. Millard, 847 S.W.2d 668, 671-72 (Tex.
App.—Houston [1st Dist.] 1993, orig. proceeding).    

Severance

When an insurer offers to settle a
breach of contract claim, the trial court must sever the insured’s extra-contractual
claims from the contractual claims to avoid prejudice to the insurer in its
defense of the coverage dispute.  See F.A. Richard & Assocs., 856
S.W.2d at 767; U.S. Fire Ins. Co.,
847 S.W.2d at 673.  This is because,
ordinarily, an offer to settle a coverage dispute is inadmissible to prove the
merit of a coverage claim, but such evidence nevertheless may be admissible on
the extra-contractual claims to rebut evidence that the insurer acted in bad
faith.  See Liberty Nat’l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex.
1996) (orig. proceeding); U.S. Fire Ins.,
847 S.W.2d at 673.  Under such
circumstances, the trial court can reach only one decision that will protect
all interests involved, and that is to order severance of the two types of
claims.  See State Farm Mut. Auto. Ins. Co. v. Willborn, 835 S.W.2d 260, 262
(Tex. App.—Houston [14th Dist.] 1992, orig. proceeding).  

          Loya
asserts that the trial court’s order severing only some of the Jagrups’
extra-contractual claims—while
maintaining their prompt payment claim in the lawsuit with their coverage claim—is contrary to the principles of law set forth
above.  It observes that the Jagrups
could seek to admit Loya’s settlement offer as evidence of Loya’s belated attempts
to resolve the disputed insurance claim to support Loya’s prompt payment
liability; but the admission of such evidence would undermine Loya’s coverage defense
of the underlying insurance claim.  The
Jagrups respond that prompt payment claims are not separate causes of action;
rather, a prompt payment claim combines an insurer’s contractual and statutory
liability into a single cause of action. 
In support, the Jagrups rely on the Amarillo Court of Appeals’ holding
in Lusk v. Puryear, 896 S.W.2d 377,
379 (Tex. App.—Amarillo 1995, orig. proceeding).  There, the claimant alleged that the
insurance company “had refused to pay her personal injury protection claim in
full within 30 days of presentment, which ‘constitute[d] a breach of [the]
insurance contract,’ and a violation of article 21.55.”  Id.
at 380.  The court of appeals determined
that the trial court abused its discretion in severing and abating the insured’s
causes of action for breach of contract and violations of article 21.55
(Chapter 542’s statutory predecessor).  Id. 
The court reasoned:

Although the damages and
attorney’s fees provided by the article do not arise from the insurance
contract, they are recoverable for the insurer’s failure to timely pay any loss
for which it may be liable under the contract. 
Thus, when [the insured] alleged [the insurer] failed to timely pay her
claim and pleaded for damages and attorney’s fees provided by article 21.55,
the entire liability of [the insurer], both on the insurance policy and under
article 21.55, was put in issue as one cause of action.

 

Id.    

We decline to follow the Amarillo
Court of Appeals’ holding in Lusk because
the claims asserted here are different. 
In Lusk, the claimant asserted
that the insurer breached its insurance contract in one way only—by failing to pay insurance benefits within 30
days, after the insured had presented her claim.  Id.
at 379.  There was no other underlying
coverage dispute.  The Jagrups’ assertion
of breach of contract, in contrast, is broader. 
The Jagrups allege that Loya failed to adequately compensate the
Jagrups’ loss.  In the Jagrups’
separately pleaded violations of Chapter 542, they allege not only that Loya unreasonably
delayed payment of the claim but also that Loya failed to timely perform a
number of additional duties imposed by Chapter 542.  Also, unlike the facts of this case, the
insurer in Lusk had not offered to
settle the relator’s claims, which makes Lusk
similar to Akin, where the Texas
Supreme Court found no harm from trying the claims together.  Compare
Akin, 927 S.W.2d at 630 (noting
that prejudice was not likely to result from trying claims together when
insurer paid uncontested portion of claim), with
Lusk, 896 S.W.2d at 380 (noting that because entire liability of insurer
was put in issue in one cause of action trial court erred in ordering severance).  We conclude that the Jagrups’ breach of
contract and prompt payment claims present distinct claims.  The Amarillo Court of Appeals has itself
recognized this distinction.  See In re Trinity Universal Ins. Co., 64
S.W.3d 463, 467 (Tex. App.—Amarillo 2001, orig. proceeding) (severing contract
claim from prompt payment claim; declining to follow Lusk when prompt payment claim hinged on resolution of coverage
dispute).  We hold that the Jagrups’
breach of contract claim must be severed from their prompt payment claim.  See U.S.
Fire Ins. Co., 847 S.W.2d at 673.  

Abatement

          In most circumstances, a
decision to grant or deny a motion to abate is within the discretion of the
trial court.  See Project Eng’g USA Corp. v. Gator Hawk, Inc., 833 S.W.2d 716,
724 (Tex. App.—Houston [1st Dist.] 1992, no writ).  An order on a plea in abatement ordinarily is
an incidental ruling that is not subject to mandamus review.  Abor v.
Black, 695 S.W.2d 564, 567 (Tex. 1985). 
Both Houston Courts of Appeals have long concluded, however, that where an
insured has filed a breach of contract claim as well as extra-contractual
claims, and the carrier has made a settlement offer, the trial court should abate
the latter claims to prevent unfair prejudice. 
See U.S. Fire Ins. Co., 847 S.W.2d at 673; Wilborn, 835 S.W.2d at 262; see
also In re Allstate Ins. Co., No. 01-02-01235-CV, 2003 WL 21026877, at *2
(Tex. App.—Houston [1st Dist.] May 8, 2003, orig. proceeding).  We hold that Loya is entitled to a separate
trial of the Jagrups’ extra-contractual claims. 
We further conclude that Loya does not have an adequate remedy by appeal
because, absent such an order, the parties will be put to the expense and the
effort of preparing and trying extra-contractual claims that may be disposed of
by resolution of the breach of contract claim. 
U.S. Fire Ins. Co., 847 S.W.2d at 675-76.  We note,
however, that the trial court has discretion in managing its docket.  Loya has made no argument to support its
request for a complete abatement, nor any showing of prejudice or burden
relating to parallel discovery of contractual and extra-contractual claims in
this case.  A bifurcated trial of the
extra-contractual claims, should the Jagrups prevail in their coverage claim,
may serve as well as an abatement to protect the underlying policy
concerns.  Absent any showing of
prejudice, we leave discovery and management of the separate trials to the
trial court’s discretion.




 

Conclusion

          We
direct the trial court to order the severance of the Jagrups’ prompt payment claim.  Our writ of mandamus will issue only if the
trial court does not comply.

                                                                   

 

 

 

Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Bland, Massengale, and Brown.

 











[1]
          The underlying case is Fabian Jagrup and Martha Jagrup v. Loya
Insurance Co., IAS Claim Services, Inc., and Albert Russell Callaway, No. 2009-64454
in the 11th District Court of Harris County, the Honorable Mike Miller
presiding.