COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
|  | § |  |
|  | § | 08-12-00176-CV |
| IN RE:   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | § | AN ORIGINIAL PROCEEDING |
|  | § | IN MANDAMUS |
|  | § |  |
|  | § |  |

**O P I N I O N**

In this original proceeding, State Farm Mutual Automobile Insurance Company seeks

mandamus relief from the trial court's order denying its motion to sever Rosa and Alfonso Durans'

breach of contract claim from their extra-contractual claims and abate the extra-contractual claims

pending resolution of the breach of contract claim.   For the reasons stated below, we deny

mandamus relief with respect to the portion of the trial court's order denying abatement, but

conditionally grant mandamus relief with respect to the portion of the trial court's order denying

severance.

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying action, Rosa Duran was injured when struck by an underinsured motorist

while walking through the parking lot of a shopping center.   In settling her claim with the

underinsured motorist, Rosa accepted from the motorist the full amount of liability insurance the

motorist had in force at the time of the accident – $25,000.   Asserting that the $25,000 she

recovered was insufficient compensation, Rosa made a claim on two separate State Farm policies,

one issued to her husband Alfonso Duran and the other to her daughter Cecilia Duran. State Farm offered Rosa $7,500 to settle both claims.

Dissatisfied, the Durans sued State Farm for breach of the insurance policy, violations of Section 17.46 of the Deceptive Trade Practices Act and the prompt payment provisions of Chapter 542 of the Insurance Code, and violations of the common-law duty of good faith and fair dealing. The Durans sought $50,000 in damages – $25,000 from each policy – for Rosa's injuries and for Alfonso's claims of loss of consortium and of household services. Arguing that severance of the Durans' extra-contractual claims from their contract claim and abatement of the extra-contractual claims pending resolution of the contract claim was necessary to avoid the prejudice it would suffer in defending both claims in a single trial, State Farm moved to sever and abate. The trial court denied State Farm's motion.

**MANDAMUS**

To obtain mandamus relief from the order denying its motion to sever and abate, State Farm must meet two requirements. State Farm must show that the trial court clearly abused its discretion and that the benefits of mandamus outweigh the detriments to the extent that an appellate remedy is inadequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004)(orig. proceeding).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005)(orig. proceeding). When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827

2

S.W.2d 833, 839 (Tex. 1992); *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). However, we are much less deferential when reviewing the trial court's determination of the legal principles controlling its ruling. *See Walker*, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled. *Prudential*, 148 S.W.3d at 135. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840.

Absent extraordinary circumstances, mandamus will not issue unless the relator lacks an adequate remedy by appeal. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210-11 (Tex. 2004)(orig. proceeding). Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008)(orig. proceeding). Because it depends heavily on circumstances, such a cost-benefit analysis must be guided by principles rather than by simple rules that treat cases as categories. *See id.* In addition, we must consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008)(orig. proceeding), *quoting Prudential*, 148 S.W.3d at 136.

## MOTION TO SEVER AND ABATE

State Farm argues that because it offered to settle the Durans' entire contract claim, the trial court should have severed the Durans' extra-contractual claims from their contract claim and abated the Durans' extra-contractual claims pending resolution of the contract claim, and, by failing to do so, abused its discretion. State Farm further contends that, without severance and

3

abatement, it has no adequate remedy by appeal because it "stands to lose substantial rights by being required to prepare for extra contractual claims that may be rendered moot, and may have not even yet accrued."

### *Standard of Review*

We review an order denying the severance of extra-contractual claims from contract claims and abatement of extra-contractual claims pending resolution of contract claims for an abuse of discretion. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996).

### SEVERANCE

### 1. Applicable Law

A trial court abuses its discretion if it fails to order a severance "[w]hen all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby, there is no room for the exercise of discretion." *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 683 (1956)(orig. proceeding). Prejudice is not presumed simply because contract claims and extra-contractual claims are joined in the same action; accordingly, severance is not always mandatory. *Allstate Ins. Co. v. Hunter*, 865 S.W.2d 189, 193-94 (Tex.App.--Corpus Christi 1993, orig. proceeding); *Progressive County Mut. Ins. Co. v. Parks*, 856 S.W.2d 776, 778 (Tex.App.--El Paso 1993, orig. proceeding). However, when an insurer moves to sever an insured's extra-contractual claims from a contract claim following its offer to settle the insured's entire contract claim, the trial court must sever the insured's extra-contractual claims from the contract claim because evidence of a settlement offer creates prejudice. *Akin*, 927 S.W.2d at 630; *Tex. Farmers Ins. Co. v. Cooper*, 916 S.W.2d 698,

4

701, 702 (Tex.App.--El Paso 1996, orig. proceeding)(holding that severance of contract claim from extra-contractual claims is necessary when evidence of a settlement offer is relevant to the extra-contractual claim).

Absent severance, an insurer is presented with a "Catch-22" in that its decision to admit or exclude evidence of a settlement offer jeopardizes the successful defense of the other claim. For instance, in defending against a contract claim, the insurer will insist on exercising its right to exclude evidence of a settlement offer to negate liability. *See Akin*, 927 S.W.2d at 630; *see also* TEX.R.EVID. 408. Conversely, in defending against extra-contractual claims, an insurer will insist on exercising its right to admit evidence of a settlement offer to negate liability. *See Akin*, 927 S.W.2d at 630. Thus, by having to defend against these two types of claims simultaneously and before the same jury absent severance, an insurer is prejudiced to such an extent that a fair trial is unlikely. *Id.* Under such a scenario, the trial court has no choice but to sever in order to protect the fairness of the proceedings and the interests of the parties. *See State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex.App.--Houston [14th Dist.] 1992, orig. proceeding).

### *Discussion*

### 1. Abuse of Discretion

State Farm asserts that the trial court's order denying severance is contrary to the principles of law set forth above. We agree.

As established above, severance is required when an insurer offers to settle the entire contract claim so as to avoid the unfair and prejudicial dilemma an insurer faces in simultaneously defending against a contract claim and extra-contractual claims. *Akin*, 927 S.W.2d at 630;

5

*Cooper*, 916 S.W.2d at 701, 702. Here, State Farm asserted in its motion and reply, and provided proof to the trial court in the form of letters and affidavits from its claims representative, that it was offering to settle in full each of Rosa's "claim[s] for Underinsured Bodily Injured benefits" and "all damages Rosa … claim[ed]."[1] Because State Farm offered to settle in full Rosa's contract claims and the resulting damages therefrom, severance is required to avoid the unfair and prejudicial dilemma State Farm would face in simultaneously defending against the Durans' contract claim and their extra-contractual claims. *See Akin*, 927 S.W.2d at 630; *Cooper*, 916 S.W.2d at 701, 702.

The Durans respond that severance is improper because their claims brought pursuant to Chapter 542 of the Insurance Code are not separate causes of action subject to severance, but are instead a single cause of action combining an insurer's contractual and statutory liability. In support of their argument, the Durans refer to *Lusk v. Puryear*, 896 S.W.2d 377, 379 (Tex.App.--Amarillo 1995, orig. proceeding). However, the Durans' reliance on *Lusk* is misplaced.

In *Lusk*, the insured alleged that, by failing to pay benefits timely, the insurer breached the insurance contract and violated the prompt payment provisions of Article 21.55 of the Insurance Code.[2] *Lusk*, 896 S.W.2d at 380. The court held that severance and abatement were improper. *Id*. In so holding, the court reasoned that because damages for untimely payment authorized by Article 21.55 were recoverable for the insurer's failure to pay a claim for which it would be liable under the contract, the insurer's entire liability, both contractually and statutorily, "was put in issue as one cause of action." *Lusk*, 896 S.W.2d at 380.

---

[1] The claims representative executed two affidavits. One was attached to State Farm's amended motion to sever and abate. The other, expanded and revised, was attached to State Farm's reply to the Durans' response to its motion.

[2] Article 21.55 is the statutory predecessor to Chapter 542.

6

But this situation is not present here. First, because the claims asserted in this case are different and broader than those brought in *Lusk*, they are distinct claims. In *Lusk*, there was no underlying coverage dispute; rather, the insured alleged that the insurer breached its insurance contract solely by failing to pay benefits timely. Here, the Durans alleged in their petition that State Farm violated Chapter 542 not only by failing to pay their claim promptly, but also by engaging in various acts constituting unfair claim settlement practices, and, furthermore, that State Farm breached its contract by failing to compensate them adequately for their loss. Second, unlike the insurer in *Lusk*, State Farm offered to settle the Durans' contract claim, a fact so significant that it renders *Lusk* inapplicable and mandates resolution of this case pursuant to the authorities cited above.

The Durans also contend that State Farm's settlement offer is so insufficient that it does not entitle State Farm to severance. First, the Durans argue that State Farm is not entitled to severance because by failing to offer to settle their Chapter 542 prompt payment claims and Alfonso's loss of consortium claims, States Farm did not offer to settle "the entire dispute." Contrary to the Durans' assertion, however, determining whether a coverage claim must be severed from a bad faith claim does not hinge on an insurer's offer to settle the "entire dispute," but rather on an insurer's offer to settle the *contract claim*. *See Akin*, 927 S.W.2d at 630 ("In the absence of a settlement offer on the entire *contract claim*, or other compelling circumstances, severance is not required.")[Emphasis added]; *In re Republic Lloyds*, 104 S.W.3d 354, 358 (Tex.App.--Houston [14th Dist.] 2003, orig. proceeding)("Thus, pursuant to *Akin*, a severance is required when the insurer has made a settlement offer on the entire breach of *contract claim*.") [Emphasis added].

7

Second, citing to *In re Republics Lloyds*, the Durans argue that State Farm failed to prove that it was entitled to severance because the affidavits and letters from its claims representative do not affirmatively establish that it made an offer to settle the entire contract claim. In *In re Republics Lloyds*, the court held that the insurer's reliance on the insured's proof of loss statement and the check purportedly tendered to them for the amount set out in the statement did not conclusively establish that the insurers offered to settle the entire breach of contract claim. 104 S.W.3d at 359-60. In so holding, the court concluded, in significant part, that the insurers did not meet their evidentiary burden because the check neither contained any release language nor indicated that it was payment in full and because no cover letter accompanied the check to establish that the check was tendered, and, if so, in response to the insured's claims. *Id.* at 359. Here, in contrast, State Farm met its evidentiary burden by providing the trial court with letters and affidavits from its claims representative that conclusively proved that State Farm offered to settle each of Rosa's contractual claims and the resulting damages therefrom.[3]

---

[3] The Durans posit that because State Farm failed to present and offer the second and revised affidavit from its claims representative at the hearing on the motion and instead attached it to a reply submitted after the hearing, it has failed to preserve for appeal its claim that the revised affidavit proves that its "offers were in 'settlement of all damages.'" In support, the Durans cite to *In re Farmers Tex. County Mut. Ins. Co.*, No. 07-11-00396-CV, 2011 WL 4916303 (Tex.App.--Amarillo Oct. 17, 2011, orig. proceeding). However, *In re Farmers* is distinguishable.

There, the insurer filed a plea in abatement requesting the trial court abate all extra-contractual claims until after resolution of the underinsured motorist claim. 2011 WL 4916303, at *1. After holding a hearing on the plea in abatement, the trial court denied the plea on the record. *Id*. One month later, the insurer notified the trial court in a letter that it had made a settlement offer to conclude the entire contract claim. *Id*. Notably, the letter did not request the trial court reconsider its denial of the plea in light of its settlement offer. *Id.*, at *1-2. The court held that the insurer was not entitled to mandamus relief on the ground that it raised on appeal – abatement was necessary after a settlement offer – because this was not the ground it had raised at trial – abatement was necessary after resolution of the underinsured motorist claim. *Id.*, at *2. In other words, the insurer failed to preserve its claim on appeal.

Here, unlike the trial court in *In re Farmers*, the trial court never ruled on the motion to sever and abate at the conclusion of the hearing on the motion; rather, it denied the motion approximately six weeks after considering additional briefing from the parties. It was in this additional briefing that State Farm included the affidavit about which the Durans complain on appeal and which the trial court presumably considered in denying the motion. Thus, unlike the insurer in *In re Farmers*, State Farm is not relying upon new evidence it never introduced at trial in support of an argument on appeal that does not comport with its argument at trial. Rather, on appeal, State Farm relies upon the same ground it raised at trial arguing why severance and abatement were necessary – because it made a settlement

Because we agree with State Farm that severance of the Durans' contract claim from their extra-contractual claims is necessary based on the existence of an offer to settle the entire contract claim, we hold that the trial court abused its discretion in denying State Farm's motion to sever.

## 2. Inadequate Remedy

It is undisputed that because an order denying severance is not a final judgment, it is not appealable. *Beckham Group, P.C. v. Snyder*, 315 S.W.3d 244, 245 (Tex.App.--Dallas 2010, no pet.). Mandamus is therefore the appropriate avenue by which a party may seek review of a trial court's order denying severance. *In re Liu*, 290 S.W.3d 515, 518 (Tex.App.--Texarkana 2009, orig. proceeding).

In this case, mandamus relief is appropriate because its benefits outweigh its detriments. As established above, State Farm has a substantial right to have its liability decided without any mention of a settlement offer. *See, e.g., Akin*, 927 S.W.2d at 630; *Cooper*, 916 S.W.2d at 701, 702; *Willborn*, 835 S.W.2d at 262. Severance of the Durans' contract claims from their extra-contractual claims is necessary to preserve that right, and an appeal is insufficient to protect State Farm's right. If State Farm obtains judgment on a favorable jury verdict, it cannot appeal. If the Durans obtain a judgment against State Farm on an unfavorable jury verdict, State Farm could not obtain reversal for the incorrect denial of severance unless the court of appeals concludes that the trial court's error "probably caused the rendition of an improper judgment . . . ." TEX.R.APP.P. 44.1(a)(1). There is no guarantee that State Farm can do so. Even if State Farm were to obtain a reversal, its substantial right will have been lost, in part, because only by a second trial will the right be available to it. Accordingly, we hold that State Farm has no adequate remedy by appeal.

---

offer. Accordingly, State Farm has preserved its claim on appeal.

9

## ABATEMENT

### *Applicable Law*

No rule of law mandates that a trial court abate extra-contractual claims when it orders severance of such claims from a contract claim. *See Akin*, 927 S.W.2d at 631 ("Regardless of which party prevails on the contract claim, we disagree than an abatement of the bad faith claim until all appeals of the contract claim are exhausted is required."); *Cooper*, 916 S.W.2d at 702 ("Even where settlement evidence requires separation of contract and bad faith claims, we see no need to create an ironclad rule mandating abatement at any given time."). Rather, in determining whether extra-contractual claims should be abated until a contract claim becomes final, the trial court should abate if abatement will: (1) promote justice; (2) avoid prejudice; and (3) promote judicial economy. *Cooper*, 916 S.W.2d at 701. "It is and remains movant's burden to shown [sic] specifically how it will be prejudiced if abatement is not ordered, and to show concrete evidence of how defending against plaintiff's contract claims clashes with defending against plaintiff's bad faith claims." *Id*.

### *Discussion*

State Farm asserts that because "the law currently applicable to uninsured/underinsured insurance claims . . . was not in existence . . . when [this Court] decided *Cooper*[,] the trial court clearly abused its discretion by failing to abate the Durans' extra-contractual causes of action." According to State Farm, *In re United Fire Lloyds*, 327 S.W.3d 250 (Tex.App.--San Antonio 2010, orig. proceeding), a case adopting the reasoning of *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006), reflects the law currently applicable in determining when abatement of an uninsured/underinsured claim from related bad faith claims is required. Relying upon *In re*

10

*United Fire Lloyds*, State Farm contends that, as a matter of law, it "should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to uninsured/underinsured benefits." We disagree. State Farm's reliance upon *In re United Fire Lloyds* is misplaced. There, the court noted that in *Brainard* the Texas Supreme Court had observed that an uninsured/underinsured insurer does not have to pay benefits until the insured establishes the liability of the other motorist. *In re United Fire Lloyds*, 327 S.W.3d at 255. Utilizing this observation, the court concluded that because the insured in its case had not established the liability of the other motorist, abatement of the extra-contractual claims was required so as not to burden the insurer with defending against such claims. *Id*. at 256. *Brainard*, however, does not address when abatement of extra-contractual claims in an uninsured/underinsured case is required. Rather, *Brainard* address whether an insured can recover attorney's fees from his or her uninsured/underinsured insurer if the insured fails to establish the underinsured motorist's fault and the amount of damages. *Brainard*, 216 S.W.3d at 818. In contrast, *Akin*, which has not been overruled, addresses squarely the issue of abatement in the context of an uninsured/underinsured case and holds that abatement of a bad faith claim until all appeals of a contract claim are exhausted is not required as a matter of law. *See Akin*, 927 S.W.2d at 631. Our decision in *Cooper* that abatement is not required, as a matter of law, even where settlement evidence requires separation of contract and extra-contractual claims is in line with *Akin*. *See Cooper*, 916 S.W.2d at 701. Accordingly, we conclude that *In re United Fire Lloyds* does not govern the outcome of this case and therefore decline to follow its reasoning.

Even if *In re United Fire Lloyds* were applicable, it is nonetheless distinguishable. There,

11

the insurer was under no contractual duty to pay uninsured/underinsured benefits because the plaintiff had not established the negligence and underinsured status of the other motorist. *See* 327 S.W.3d at 256. Here, in their petition, the Durans allege that, with State Farm's permission, Rosa accepted from the underinsured motorist the full amount of liability insurance the motorist had in force for the accident. This is a position the Durans maintained in their response to State Farm's motion to sever and abate, and which State Farm has never refuted, either in its pleadings to the trial court or in its briefs to this Court. Indeed, as evidenced by its own admission in the motion to sever and abate that State Farm offered to settle Rosa's underinsured motorist claims, State Farm acknowledged that it had a contractual duty to pay underinsured benefits to the Durans. Thus, as established by the unequivocal assertions of fact in the Durans' pleadings and by the acknowledgement in State Farm's pleadings, there is no dispute that the Durans reached a policy limits settlement with the underinsured motorist, thereby proving the negligence and underinsured status of the motorist. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000)(holding that plaintiff's admissions in her pleadings that defendant owned and operated a nursing home were unequivocal assertions of fact constituting judicial admissions that the defendant was a nursing home provider).

Accordingly, notwithstanding State Farm's assertion to the contrary, *Cooper* governs the outcome of this case. Pursuant to *Cooper*, State Farm bore the burden to provide a mandamus record establishing that: (1) defending against the Durans' contract claim clashes with defending against the extra-contractual claims; and (2) abating the extra-contractual claims promotes justice, avoids prejudice, and promotes judicial economy. *See Cooper*, 916 S.W.2d at 701. State Farm failed to carry its burden.

12

The mandamus record does not support State Farm's conclusion that it "should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to uninsured/underinsured benefits." The record contains nothing but the petition, the motion to sever and abate, the replies and responses in support and opposition to the motion, and the order. It does not contain evidence, documentary or testimonial, establishing specifically how the trial court's failure to abate prejudices State Farm and promotes justice. For example, no evidence exists to demonstrate that if the case were not abated, State Farm would be hampered in its ability to conduct full, complete discovery and to marshal witnesses and documents. *See Cooper*, 916 S.W.2d at 702. Likewise, there is no evidence in the record that establishes the amount that State Farm would have to expend in preparing for simultaneous trials in the absence of abatement. *Id.* Moreover, State Farm fails to address how abatement in this case promotes judicial economy. For example, nowhere in its brief or in its trial pleadings does State Farm discuss why abatement of the Durans' bad faith claims, and a corresponding stay of discovery, would not result in duplicative discovery when the coverage claim becomes final. *Id.* Likewise, State Farm fails to discuss in its brief or trial pleadings why pretrial proceedings and discovery that may affect both the Durans' coverage and bad faith claims could not be efficaciously handled. *Id.*

In sum, there is nothing in the mandamus record that establishes that State Farm would be prejudiced in defending against the Durans' contract claim while defending against their extra-contractual claims and that abatement would promote justice, avoid prejudice, and promote judicial economy. Accordingly, abatement of the Durans' bad faith claims is not required. Under these circumstances, we hold that the trial court did not abuse its discretion in refusing to

13

abate the Durans' extra-contractual claims.

## CONCLUSION

For the reasons set forth above, we conclude that State Farm has not shown that the trial court abused its discretion in denying the abatement of the Durans' extra-contractual claims pending the determination of their contract claim, and State Farm is therefore not entitled to mandamus relief.   Accordingly, we deny the petition for writ of mandamus with respect to the portion of the trial court's order denying abatement.   However, we conclude that State Farm has satisfied both prerequisites to mandamus relief with respect to the portion of the trial court's order denying severance.   Accordingly, we conditionally grant State Farm's petition for writ of mandamus and direct the trial court to vacate its order denying State Farm's motion for severance and issue an order severing the Durans' contract claim from their extra-contractual claims. Mandamus will issue only if the trial court fails to vacate the portion of its order denying severance within ten days of this opinion.


August 8, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

14