**DENY; and Opinion Filed February 23, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01233-CV

## IN RE FERRER & POIROT, G.P., D/B/A FERRER, POIROT & WANSBROUGH, FELLER DANIEL ABNEY, Relator

**Original Proceeding from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-01828**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Stoddart
Opinion by Justice Brown

The underlying proceeding is a dispute between law firms regarding case referral fees in products liability cases related to two drugs: Avandia and Seroquel. Relator is the plaintiff in the underlying case. Relator brought suit against the real parties in interest alleging they refused to return referral fees on Avandia cases that were mistakenly paid to them and were owed to a different law firm. The real parties in interest filed counterclaims for breach of contract and unjust enrichment/restitution/constructive trust, and money had and received alleging that relator failed to pay agreed referral fees to them for Avandia and Seroquel case referrals. Relator moved to sever the counterclaims, and the trial court denied the motion. In this original proceeding, relators seek a writ directing the trial court to vacate the order denying the motion to sever and to grant the severance.

**Applicable Law**

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court has broad discretion in the matter of severance and consolidation of causes. *McGuire v. Commercial Union Ins. Co.*, 431 S.W.2d 347 (Tex. 1968); TEX. R. CIV. P. 41 ("[a]ny claim against a party may be severed and proceeded with separately"). A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990); *Lusk v. Puryear*, 896 S.W.2d 377, 379 (Tex. App.—Amarillo 1995, orig. proceeding). "The controlling reasons for a severance are to do justice, avoid prejudice and further convenience." *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990).

**Discussion**

Relator's claims and the real parties' counterclaims involve referral fees allegedly owed between them regarding Avandia litigation and Seroquel litigation. Although relator insists its claims sound in tort and the counterclaims sound in contract, the mandamus record establishes that the factual basis for the claims and counterclaims arise from the Seroquel and Avandia referral arrangement between relator and the real parties in interest. Further, the real parties in interest presented evidence showing that the claims and counterclaims are interwoven because both seek payment for referral fees, the fees related to the Avandia litigation are part of both, calculation of damages could include offsets from fees in the opposite drug litigation, and relator's damages may be completely cancelled out by amounts relator purportedly owes the real parties in interest.

Based on the record before us, we conclude relator has not shown the trial court abused its discretion and has not shown relator is entitled to the relief requested. Accordingly, we deny relators' petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).


/Ada Brown/
ADA BROWN
JUSTICE

171233F.P05